**BANKS v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED, OF LONDON, ENGLAND.**

No. 1657.

District Court, W. D. Missouri, W. D.

Oct. 17, 1944.

Sam Mandell and Cowgill & Popham, all of Kansas City, Mo., for plaintiff.

James R. Sullivan, Arthur R. Wolfe, and Clyde Taylor, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

Heretofore, towit, on November 10, 1943, an action between the same parties, being numbered 1520, was dismissed by the court. The reason for the dismissal was that the suit originally filed in a state court and removed to this court was in the name of J. W. Banks, plaintiff, against defendant here named. It appeared that J. W. Banks had deceased several months before the suit was filed. The administrator was then substituted for the original plaintiff. The original suit having been filed after the death of the named plaintiff, the court properly made an order of dismissal.

1. Clearly a suit could not be brought in the name of J. W. Banks after his decease. The administrator, however, under Rule 17 (a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, could have maintained the action in his own name. It is there provided that: "Every action shall be prosecuted in the name of the real party in interest; but an * * * administrator * * * may sue in his own name without joining with him the party for whose benefit the action is brought; * * *."

However, the case was properly dismissed as the administrator was not substituted till long after a void suit had been filed.

2. The action was dismissed on November 10, 1943. On November 24 (14 days later), the present suit was instituted. The defendant now makes objections to the capacity of the plaintiff to sue and challenges the jurisdiction of the court over the subject matter for the reason, as it is alleged, that when this action was instituted the administrator had been discharged and no longer represented the estate of the deceased. With the motion to dismiss the defendant has submitted a certified copy of the final settlement and order discharging "Loy O. Banks, administrator of the estate of John W. Banks, deceased." After approving the settlement, which purported to be final, the entry is as follows:

"It is therefore by the Court ordered that said administrator be, and he is hereby fully and finally discharged herein from all further liability."

Such order was made two days before the dismissal of the other case. It is obvious that the plaintiff has not the capacity averred in his complaint.

In Ewing v. Parrish, 148 Mo.App. 492, 128 S.W. 538, loc.cit. 540, the St. Louis Court of Appeals said:

"* * * a man's power as administrator ceases when he has submitted a final settlement to the probate court pursuant to due notice, and his settlement has been approved and he ordered discharged. Thereafter he can no longer act in his representative capacity; hence cannot sue for a demand due the estate and not previously collected."

3. It is permissible under the new rules and our practice to entertain motions of this character. It partakes of the nature of a plea in abatement. Lack of jurisdiction over the subject matter and lack of jurisdiction over the person may be raised by motion, and paragraph (d) of Rule 12, Federal Rules of Civil Procedure, provides that such motions "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial." Moreover, by paragraph (e) of Rule 43, relating to the subject of Evidence, it is there provided, when a motion is based on facts not appearing of record, the court may direct that the matter be heard wholly or partly on oral testimony or depositions. The motion to dismiss this case, while not verified, yet there is appended thereto a duly authenticated copy of the order approving the final settlement made by the administrator and discharging him as such administrator. The plaintiff has not supplied evidence to the effect that after the final settlement and discharge he was appointed administrator de bonis non so as to proceed with this litigation. In the absence of such showing it is the duty of the court to order a dismissal of the case.