**KANSAS ELECTRIC POWER CO. OF LEAVENWORTH, KAN. v. JANIS et al.**

**No. 4362.**

United States Court of Appeals
Tenth Circuit.

Feb. 27, 1952.

Robert E. Russell, Topeka, Kan. (Clayton E. Kline, M. F. Cosgrove, and Balfour S. Jeffrey, all of Topeka, Kan., on the brief), for appellant.

Joseph H. McDowell, Kansas City, Kan. (Harry G. Miller, Jr., Carl V. Rice, and Conrad Miller, all of Kansas City, Kan., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

On June 23, 1949, Louise I. E. Janis and Ruth E. Davis instituted this action against Kansas Electric Power Company. It was alleged in the complaint that plaintiffs owned certain real estate and improvements thereon in Leavenworth, Kansas; that on December 3, 1947, the property was partially destroyed by fire; that the proximate cause of the fire was negligence on the part of defendant; that the damage to the property amounted to $9,735.16; and that due to such damage plaintiffs were deprived of rent in the sum of $277.50. Judgment was sought in the total amount of $10,012.66. Defendant filed a motion for an order of the court requiring plaintiffs to furnish a more definite statement of their claim and of the matters set out in the complaint by stating the total amount of fire insurance policies carried on the property, the names of the insurance companies issuing such policies, and the amounts which plaintiffs had received under the policies in settlement of any loss or damage to the property. An amended complaint was filed in which the substance of the original complaint was repleaded. In addition, it was alleged that at the time of the fire, policies issued by National Liberty Insurance Company, North River Insurance Company, and Northwestern Underwriters Agency were in force; that such companies had paid plaintiffs $10,012.66 under the policies; and that the action was brought in the name of plaintiffs for the benefit of the insurance companies. Defendant filed a motion to make the insurance companies additional parties plaintiff, and plaintiffs thereafter moved orally for leave to make them additional parties plaintiff. The court entered an order making the insurance companies parties plaintiff, fixing the time within which they should plead, and fixing the time thereafter within which defendant should further plead. On November 25, 1950, a second amended complaint was filed in which the original plaintiffs, North River Insurance Company, Northwestern National Insurance Company, and Home Insurance Company successor in interest to the rights of National Liberty Insurance Company, joined as plaintiffs. The substance of the original complaint was repleaded; the substance of the amended complaint in respect to the issuance of the policies and the payments under them was repleaded; and in addition

944

it was specifically alleged among other things that the action was brought in the first instance by plaintiffs Janis and Davis for the benefit of the insurers under the policies. Defendant moved to dismiss the action as to the additional plaintiffs named in the second amended complaint on the ground that the second amended complaint failed to state a claim upon which relief could be granted. The court dismissed the action as to plaintiffs Janis and Davis but denied the motion to dismiss as to the plaintiffs insurance companies. Defendant appealed.

Rule of Civil Procedure 17(a), 28 U.S.C.A., provides that every action shall be prosecuted in the name of the real party in interest; and bringing that rule into focus, it is settled in the United States Courts that where the owner of property destroyed by fire as the result of the wrong of another has been reimbursed by the insurer for only part of the loss, both the insured and the insurer own portions of the substantive right against the wrongdoer, and if the action is against the wrongdoer for the entire loss the owner and the insurer should appear in the litigation in their own names. Either may institute the action; but with certain exceptions not having material bearing here, upon timely motion of the alleged wrongdoer, the other should be joined. And where, as here, the insurers pay the owners in full for the loss and become subrogated to all of the rights of such owners against the alleged wrongdoer, the action against the alleged wrongdoer to recover in tort must be maintained in the name of the insurers. United States v. Aetna Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 179 F.2d 7; Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417.

It is contended that in respect to the insurance companies the cause of action was barred by limitation. Section 60–306, General Statutes of Kansas 1935, provides that an action for the wrongful injury of personal property of another, or for injury to the rights of another, not arising on contract, and not thereinafter enumerated, shall be brought within two years after the cause of action shall have accrued. Inasmuch as the owners of the property had been reimbursed in full for their loss, they could not maintain in their names for the benefit of the insurance companies the action against the electric power company. But the insurance companies were joined as parties plaintiff. While the action was instituted less than two years after the date of the fire, the insurance companies were joined as parties plaintiff more than two years thereafter. But the joining of the insurance companies as additional parties plaintiff did not change the cause of action in the slightest degree. It did not introduce into the case a new or different cause of action. The cause of action was precisely the same and the same relief was sought against the defendant. The claim both before and after the addition of the insurance companies as parties centered with the same impact around the pivotal question whether the wrongful acts and conduct of the defendant constituted the proximate cause of the fire which damaged the building owned by the original plaintiffs. The joinder of the insurance companies as the real parties plaintiff was proper in the circumstances. Kilbourn v. Western Surety Co., 10 Cir., 187 F.2d 567. The action having been instituted by the owners of the property for the use and benefit of the insurance companies, and the amendment by which the insurance companies were joined as parties plaintiff not having introduced into the case a new or different cause of action, the amendment related back to the filing of the original complaint. McDonald v. State of Nebraska, 8 Cir., 101 F. 171; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234, certiorari denied 342 U.S. 851, 72 S.Ct. 79. And the original complaint having been filed less than two years after the fire, the cause of action was not barred by limitation. American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234, certiorari denied 342 U.S. 851, 72 S.Ct. 79, supra.

Affirmed.