325 F.2d 613
 LINK AVIATION, INC., a corporation, and Air Trainers Link Limited, a corporation, and South British Insurance Company, Ltd., and Underwriters at Lloyds, Subscribing Policy M 70656, Appellants,
v.
Wilford W. DOWNS and Van E. Thompson, copartners, trading and doing business as Old Dominion Hoisting Service, and Merchants Transfer and Storage Company, Inc., a corporation, Appellees.
 No. 17299.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 7, 1963.
 Decided September 26, 1963.
 
 Mr. Oliver Gasch, Washington, D. C., with whom Messrs. G. Bowdoin Craighill and Llewellyn C. Thomas, Washington, D. C., were on the brief, for appellants.
 Mr. Frank J. Martell, Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee, Merchants Transfer and Storage Co., Inc.
 Mr. M. S. Mazzuchi, Washington, D. C., was on the brief for appellee Wilford W. Downs and Van E. Thompson, copartners, trading and doing business as Old Dominion Hoisting Service.
 Before PRETTYMAN, Senior Circuit Judge, and FAHY and BURGER, Circuit Judges.
 FAHY, Circuit Judge.
 
 
 1
 In the District Court Link Aviation, Inc., and Air Trainers Link Limited, appellants, sued Wilford W. Downs and Van E. Thompson, partners doing business as the Old Dominion Hoisting Service, and the Merchant's Transfer and Storage Co., appellees, alleging the negligent damaging by defendants of an airplane of plaintiffs to the extent of $21,000.47. The suit was filed June 16, 1959. Theretofore plaintiff Air Trainers had been paid by its insurers, the South British Insurance Company, Ltd., and Underwriters at Lloyds Subscribing Policy M 70656, the exact amount of $21,000.47, the damages sought from defendants; and it is undisputed that prior to the filing of the suit the insurers became subrogated to all rights and remedies of the original plaintiffs.
 
 
 2
 On July 9, 1962, plaintiffs, relying upon Rule 15(a),(c), Fed.R.Civ.P., moved to amend the complaint to substitute the insurers as plaintiffs for those originally named. The defendants opposed on the ground that the amendment set forth a new cause of action barred by the three year statute of limitations. The motion was denied, and this appeal from the order so doing comes to us under 28 U.S.C. § 1292(b) (1958).
 
 
 3
 It is undisputed that when an insurer has paid the full amount of a loss suffered by the insured, the insurer becomes subrogated to the full extent of the insured's claim against the one primarily liable for the loss, and that in any suit to enforce the claim the insurer is the only real party in interest. United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). Accordingly, the parties to this appeal agree that since the insurers in this case settled the claim in full on April 28, 1959, the original action should have been brought in their names rather than in the names of the insureds, who filed the complaint. From this the defendants, in effect, argue that the filing of the first complaint was of no legal effect and that insofar as the insurers are concerned the suit must thus be regarded as having been instituted with the filing of the motion to amend to substitute parties, by which time the statute of limitations had run. The crux of the defendants' contention thus is their premise that since the insureds were not the real parties in interest the suit brought by them was a nullity which could not toll the statute of limitations for the purpose of preserving the claim of the subrogees.
 
 
 4
 We think, however, that the suit must be construed as having been brought by the insureds for the use of the insurers who had then become subrogated to the rights of the nominal plaintiffs. American Fid. & Cas. Co. v. All American Bus Lines, 190 F.2d 234 (10th Cir.), cert. denied, 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951); Kansas Elec. Power Co. v. Janis, 194 F.2d 942 (10th Cir. 1952).[1] Plaintiffs in other words were not suing for double recovery but to recover for the insurers what the latter had paid. In the Janis case the full amount of the loss had been paid by the insurers before the injured parties filed suit for the amount of the loss. No motion to substitute the insurers in their own names as plaintiffs was made until after the period of limitations had run. The court referred to Rule 17(a), which provides that "Every action shall be prosecuted in the name of the real party in interest * * *." and stated that either the owners, who were in a position like that of the original plaintiffs here, or an insurer who had paid part of the loss, should appear in the litigation in their own names, and "either may institute the action," though upon timely motion the other should be joined. The court continued,
 
 
 5
 "And where, as here, the insurers pay the owners in full for the loss and become subrogated to all of the rights of such owners against the alleged wrongdoer, the action against the alleged wrongdoer to recover in tort must be maintained in the name of the insurers. United States v. Aetna Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 179 F.2d 7; Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417."
 
 
 6
 194 F.2d at 944. Nevertheless the court permitted the substitution of the insurers in their own names as plaintiffs. The court did not consider that the statement in the Aetna case that if the subrogee has paid the entire loss it is the only real party in interest and must sue in its own name as a holding that precluded the continuance in the name of the subrogee of the suit initiated by the insured for the use of the subrogee. We are of like opinion, that is to say that though brought in the name of the insureds, this suit was not a nullity, since, as we hold, it was brought for the use of the real parties in interest. It was thus not so lacking in validity as to furnish no support for a motion to bring it into compliance with Rule 17(a). Any other rule would be highly technical without meaningful purpose. The complaint alleged injury at the hands of the defendants. The suit was to recover therefor. That the recovery, if made, would inure not to the benefit of the nominal plaintiffs, but to that of the insurers because they had made the plaintiffs whole, did not deprive the suit of a status which enabled the insurers to substitute themselves as plaintiffs and continue the suit in their own names in compliance with Rule 17(a). For us "To hold otherwise would be nothing less than a narrow and illgrounded construction of the rules of civil procedure not in harmony with their intent and purpose." American Fid. & Cas. Co. v. All American Bus Lines, 190 F.2d 234, 237 (10th Cir.), cert. denied, 342 U. S. 851, 72 S.Ct. 79, 96 L.Ed. 642 (1951). Compare Meredith v. The Ionian Trader, 279 F.2d 471 (2d Cir. 1960).
 
 
 7
 The foregoing brings us to the contention of defendants that since the motion of plaintiffs to amend by substituting the insurers as plaintiffs was filed more than three years after the cause of action arose, it was barred by limitations. But Rule 15(c), Fed.R.Civ.P., provides:
 
 
 8
 "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."
 
 
 9
 Since the original pleading, as we have seen, initiated a valid suit, the question now is whether the motion to amend by the substitution of the insurers as plaintiffs was the assertion of a claim which arose out of the occurrences set forth in the original complaint. We think it was and that, therefore, since the amendment related back to the occurrence set forth in the original pleading, the amendment was timely. Here again we agree with the analysis of a comparable situation in the Janis case:
 
 
 10
 "[J]oining of the insurance companies as additional parties plaintiff did not change the cause of action in the slightest degree. It did not introduce into the case a new or different cause of action. The cause of action was precisely the same and the same relief was sought against the defendant. The claim both before and after the addition of the insurance companies as parties centered with the same impact around the pivotal question whether the wrongful acts and conduct of the defendant constituted the proximate cause of the fire which damaged the building owned by the original plaintiffs. The joinder of the insurance companies as the real parties plaintiff was proper in the circumstances."
 
 
 11
 194 F.2d at 944. And see American Fid. & Cas. Co. v. All American Bus Lines, supra; Wallis v. United States, 102 F. Supp. 211 (E.D.N.Car.1952); Lynch v. American Motorists Ins. Co., 101 F.Supp. 946 (N.D.Tex.1951); Cf. National Bank of Washington v. District of Columbia, supra; Copeland Motor Co. v. General Motors Corp., 199 F.2d 566, 568 (5th Cir. 1952).[2]
 
 
 12
 We think the motion to amend should have been granted.
 
 
 13
 Reversed and remanded.
 
 
 
 Notes:
 
 
 [1]
 The pleadings in the latter case were explicit that plaintiffs there sued for the use of the insurers; but this was not critical to the decision and in any event the factual situation which existed in the present case supplied in law the omission of explicitness. See National Bank of Washington v. District of Columbia, 96 U.S.App.D.C. 395, 226 F.2d 763 (1955)
 
 
 [2]
 Defendants make some reference to the provision of Rule 25(c), Fed.R.Civ.P., that in case of any transfer of interest the action may be continued by or against the original party unless the court upon motion directs the person to whom the interest is transferred to be substituted or joined with the original party. Nothing in this Rule of course requires a different conclusion than the one we reach