**NICHOLSON AIR SERVICE, INC.**

v.

**UNITED STATES of America.**

Civ. No. JFM–88–273.

United States District Court,
D. Maryland.

June 8, 1988.

John Tigert, VI, Tigert Law Offices, Washington, D.C., for plaintiff.

John Bolton, U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

MOTZ, District Judge.

This action, brought under the Federal Tort Claims Act, arises from the crash of an airplane while approaching Westmoreland County Airport in Latrobe, Pennsylvania. The plane was a total loss, and Nicholson Air Service, Inc. was paid $129,500 by United States Fire Insurance Company, which provided hull insurance for it. The $129,500 represented the full amount of the face value of the policy minus a $500 deductible. The United States is alleged to be liable on the ground that a navigational aid, which was designed to provide information to airplanes approaching the Latrobe Airport and which was maintained by the Federal Aviation Administration, was faulty.

U.S. Fire filed a claim for $129,500 with the FAA. After that claim was denied, this suit was instituted. The named plaintiff here is Nicholson. The Government has moved to dismiss on the ground that since a person other than the person who filed the administrative claim has instituted this suit, this Court lacks subject matter jurisdiction under 28 U.S.C. Section 2675(b). In opposing the motion, Nicholson contends that U.S. Fire should be added or substituted as a plaintiff under Fed.R.Civ.P. 15(a) and Fed.R.Civ.P. 17(a).

The Government's motion to dismiss is denied. The FTCA "was never intended as a trap for the unwary claimant." *Sky Harbor Air Service, Inc. v. United States,* 348 F.Supp. 594, 596 (D.Neb.1972). Rather, it is designed to serve the legitimate public purposes of "eas[ing] court congestion and avoid[ing] unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S.Rep. No. 1327, 89th Cong.2d Sess., reprinted in 1966 U.S.Code Cong. & Admin. News 2515, 2516. Here, the Government has had a full and fair opportunity to investigate the claim which has been asserted and to decide whether to settle that claim. There is absolutely no substantive difference between what U.S. Fire asserted in

the administrative claim before the FAA and the claim which has been asserted in this suit. Both are for the same amount and arise out of precisely the same facts.

*Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508 (6th Cir.1974), is instructive. There, the insured filed both the administrative claim and the subsequent law suit. The Government asserted the defense that the insured was not the real party in interest because the insurer had paid the amount of the claim and had become the subrogee. The Sixth Circuit agreed that the insurer was the real party in interest. However, it held that the filing of an administrative claim by the insured tolled the filing of the statute of limitations with respect to a claim filed by the insurer. Therefore, the insured was permitted to amend its administrative complaint to show the insurer as the joint claimant and, thereafter, to join the insurer as plaintiff in the lawsuit.

The Government distinguishes *Executive Jet* on the ground that, there, the court had subject matter jurisdiction since the plaintiff before it had filed the administrative complaint. The Government theorizes that, here, because of the nominal difference in the persons prosecuting the administrative and judicial claim, this Court is without subject matter jurisdiction and therefore has no power to act either under Rule 15(a) or Rule 17(a). According to the Government, because of plaintiff's technical error, the filing of this action was a nullity and U.S. Fire's claim is now time barred. This argument embodies an archaic conceptualization of subject matter jurisdiction, and it is contrary to the spirit, purpose and policy of the Federal Rules. As the Advisory Committee specifically noted in commenting upon Rule 17, "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed...." The Committee characterized as "salutary" the principle of *Link Aviation, Inc. v. Downs,* 325 F.2d 613 (D.C.Cir.1963), and stated that Rule 17 is intended to codify it. That principle—that amendment should be permitted to save from a limitations bar a claim technically owned by an insurer as

subrogee which had been initially asserted by the insured—is directly applicable here.

A separate order is being entered herewith effecting the rulings made in this opinion.

### ORDER

For the reasons stated in the memorandum entered herein, it is this 8th day of June 1988

ORDERED

1. The motion to dismiss filed by the United States of America is denied; and

2. United States Fire Insurance Company is substituted as a plaintiff for Nicholson Air Service, Inc. pursuant to Fed.R.Civ. P. 17(a).