Victor A. MUNGER, et. al., Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. Civ.A. AW–00–1408.

United States District Court, D. Maryland, Southern Division.

Oct. 23, 2000.

---

J. Lee Tilson, Southfield, Michigan, Karl J. Protil, Jr., Shulman, Rogers, Gandal, Pordy & Ecker, Rockville, MD, for Plaintiffs.

Allen F. Loucks, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently before the Court is Defendant United States of America's ("USA") Motion to Dismiss, or in the Alternative, for

Summary Judgment. Plaintiffs, Victor A. Munger, et. al. have filed a response and Defendant replied accordingly. A hearing was held before this Court on October 6, 2000. For the reasons discussed below, the Court will grant Defendant's Motion to Dismiss as to counts III and IV. Further, the Defendant's motion is granted as to Victor A. Munger, as administrator of the estate of Jennifer A. Munger in count I and as to Victor and Lydia Munger. individually in count II.

## BACKGROUND

Plaintiffs bring this action on behalf of Jennifer Ann Munger, a minor, who died on November 21, 1995. Jennifer suffered from a heart condition known as hypertrophic cardiomyopathy (HCP). Jennifer participated in a study at the National Institutes of Health (NIH), in an attempt to cure the HCP. As a part of the study, a DDD pacemaker was implanted in Jennifer on or about September 30, 1994. Plaintiffs allege that NIH caused Jennifer's death by failing to provide adequate and proper medical care to Jennifer and failing to provide her and her parents with sufficient information about her condition and alternative treatments. Plaintiffs' complaint contains four counts: (1) Wrongful death under State of Maryland Law, (2) Survival Action under State of Maryland Law, (3) Negligence under District of Columbia Law, and (4) Wrongful death and survival under District of Columbia Law.

## DISCUSSION

### I. Standard for Motion to Dismiss[1]

It is well established that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining whether to dismiss the com-

plaint pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must view the well-pleaded material allegations in a light most favorable to the plaintiff, and accept the factual allegations in the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir.1997), *citing Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217–18 (4th Cir.1994); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir.1996); *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383 (4th Cir.1990).

■ The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), *citing Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." District 28, *United Mine Workers of America v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085–86 (4th Cir.1979). As the Fourth Circuit has explained, the purpose of Rule 12(b)(6) is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint, and not the facts that support it. *See Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *United Mine Workers*, 609 F.2d at 1085 (4th Cir.1979). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed.1982)).

### II. Defendant's Motion to Dismiss

#### A. Counts III and IV

■ Count III of the Plaintiffs' complaint alleges that the Department of

---

**1.** In ruling upon the instant motion, the Court did not consider matters outside the pleadings. Accordingly, Defendant's motion will be treated as a motion to dismiss under Federal Rule of Civil Procedure 12. *See* Fed. R.Civ.P. 12(b)(6).

Health and Human Services (DHHS), supervises NIH. Plaintiffs argue that DHHS negligently supervised NIH in their administration of services to the decedent. Plaintiffs want to use District of Columbia law on this count because the D.C. courts recognize the claim of negligent supervision. Count IV simply restates allegations of wrongful death and a survival action under D.C. law. Under the Federal Torts Claim Act (FTCA), the court is to apply the law of the state in which the wrongful act occurred. 28 U.S.C. § 2674. The Plaintiffs' claims stem only from the treatment Jennifer Munger received at NIH. NIH is located in Bethesda, Maryland. Plaintiffs have not shown that DHHS was involved in anyway with the treating of Jennifer Munger. Plaintiffs are simply trying to take advantage of D.C. courts recognizing the claim of negligent supervision. Plaintiffs have not cited any statute or case law whereby they can bring the same claim (wrongful death, survival action) under two different sets of law. This is especially true under the FTCA, which clearly states that the court is to apply the law of the state in which the wrongful acts occurred. In this case, all acts occurred in Maryland, and therefore, Counts III and IV are dismissed with prejudice because the Plaintiffs have no jurisdictional bases to bring the claims.

### B. Counts I and II

■ Plaintiffs bring a wrongful death action on behalf of Victor Munger, administrator for the estate of Jennifer Munger, and on behalf of Victor Munger and Lydia Munger, individually. Maryland law states that Victor Munger, as the administrator for the estate, cannot bring a wrongful death action against Defendants. Md.Code Ann., [Cts. & Jud.Proc.] § 3–904(a) (1999 Suppl.) Under § 3–904(a) an action for wrongful death may only be brought by the wife, husband, parent, and or child of the deceased person. The only time that anyone else can bring a wrongful death action for the decedent is when there are no individuals who qualify under subsection (a). In the present case the decedent's parents are bringing the action, so there are qualified persons under subsection (a). Therefore, Victor Munger, as administrator of the estate, cannot bring a claim of wrongful death against Defendants.

■ Defendants contend that Victor and Lydia cannot bring a claim of wrongful death, because the parents have not exhausted their administrative requirements. When bringing a claim under the FTCA, an action shall not be brought against the United States for death caused by negligence unless the claimant shall have first presented the claim to the appropriate federal agency. 28 U.S.C. § 2675(a) (1994). A claim is deemed presented for purposes of § 2675 when the claimant has filed a Standard Form—95 or other written notification of an incident, a claim for money damages in a sum certain, and the title or legal capacity of the person signing. 28 C.F.R. § 14.2(a) (1999). Furthermore, the claim shall be presented to the federal agency whose actions give rise to the claim. Id. at § 14.2(b). Finally, a claimant may not file an action in court until the agency has made a final determination on the claim, or six months have passed since the claim was presented. 28 U.S.C. § 2675(a). Plaintiffs followed proper procedure by filing a claim, via a SF–95 form, with the appropriate government agency (Department of Health & Human Services), stating a specific amount of damages sought ($5 million) and waiting at least six months to file the claim. However, the claimant's information box reads, "Victor Munger and Lydia Munger on behalf of Jennifer Ann Munger." (Defendant's Ex. 1.) Defendant does not challenge the legal capacity of the Mungers to bring a claim, instead advancing the argument that the claimant information box should be read as saying the administrators of Jennifer's estate are the only ones bringing a claim. Following this interpretation, only Victor, as administrator of the estate would be allowed to bring claims, not the parents individually because they

would need to file a separate claim. Plaintiffs argue that the claimant box should be read as both parents and administrator of the estate bringing claims.

■ Multiple claimants are required to individually satisfy jurisdictional prerequisites of filing a proper administrative claim before commencing action against the United States under the FTCA. 28 U.S.C. § 2675(a); *See Muth v. United States,* 1 F.3d 246 (4th Cir.1993). Based on this argument, the parents have not filed a claim against the United States, and therefore this court has no jurisdiction to hear the claims asserted by the parents. By accepting this argument, the court would have to dismiss count I altogether, not just as to Victor Munger, as the administrator of the estate. Defendant further cites to case law in Pennsylvania whereby a personal representative was not allowed to bring individual claims because she had not fulfilled her administrative requirements. *Perkins v. United States,* 1990 WL 181486 (E.D.Pa.1990). The *Perkins* case is distinguishable from the present case in that the claimant filed her claim as "Administratrix of the Estate," whereas the Mungers filled out their SF-95 with the words "on behalf of." Furthermore, only Victor Munger was the administrator of the estate. Lydia's name appeared as a claimant, even though she was not an administrator, thus giving the indication that individual claims were going to be brought by the Plaintiffs. Moreover, when reviewing the description on the SF-95, it is plausible to conclude that the claim set forth a wrongful death claim more so than a survival action claim.

This court has allowed claims to go forward when all of the plaintiffs have not filed separate claims and the claims arose out of the same facts and were for the same amount of money. *Nicholson Air Service, Inc. v. United States,* 686 F.Supp. 538 (D.Md.1988). The *Nicholson* court stated that the FTCA "was never intended as a trap for the unwary claimant." *Quoting Sky Harbor Air Service, Inc. v. United States,* 348 F.Supp. 594, 596 (D.Neb.1972).

In fact, this Court is not alone in recognizing that the purpose of 28 U.S.C. § 2675(a), is to provide notice to the relevant federal agency of claims, not to "put up a barrier of technicalities to defeat their claims." *Marricone v. United States,* 697 F.Supp. 874, 879 (E.D.Pa.1988). (Quoting *Lopez v. United States,* 758 F.2d 806, 809 (1st Cir.1985)). Plaintiffs fulfilled their administrative requirements by giving DHHS proper notice of their claims as required under 28 C.F.R. § 14.2(a). Each of the fifty (50) states, of course, is empowered to adopt its particular methodology and to proscribe its own procedure for presenting wrongful death or survival actions. Notwithstanding, this Court does not believe that it was ever Congress' intent to permit every nuance or permit technical varieties of the numerous states to undermine or frustrate the purpose of the notice requirement of 28 U.S.C. § 2675(a). While, wrongful death actions and survival actions (count II) are distinct claims in Maryland, they come from the same set of facts. Both are the result of alleged medical negligence and both claims involve the same witnesses. Since the government was preparing for a claim from the administrator of the estate, they are not prejudiced by a claim from the parents because the standards of law are the same, even though the theories of recovery are different.

■ Count II is a survival action brought on behalf of Victor Munger, as administrator of the estate, and the parents. Under Maryland Law, only an administrator of the estate can bring a survival action, not the parents. Md.Code Ann., [Est. & Trusts] § 7-401(y) (1999 Suppl.). Therefore, the parents cannot bring individual claims in a survival action. Victor and Lydia Mungers' individual claims against the Defendant are dismissed from count II.

### Conclusion:

The Court grants the Defendant's Motion to Dismiss as to counts III and IV, finding that under the FTCA, this court does not have the jurisdiction to consider

claims brought under District of Columbia law. Victor Munger's claim, as administrator of the estate, is dismissed from count I because Maryland law does not allow for an administrator to bring a wrongful death action when there is a proper party. Victor and Lydia Mungers' claim, individually, is dismissed from count II because Maryland law provides that only the estate can bring a survival action. Victor Munger's claim, as administrator for the estate, remains in count II, and Victor and Lydia's individual claim for wrongful death remains in count I because they complied with 28 C.F.R. § 14.2(a). An Order consistent with this Opinion will follow.