**Judy STARR, as Personal Representative of the Estate of Traci Jean Starr, et al.**

v.

**The UNITED STATES of America**

**No. CIV.A. WMN–02–2010.**

United States District Court, D. Maryland.

Feb. 13, 2003.

Jennifer Lilore Huesman, Office of the United States Attorney, Baltimore, MD, for U.S.

Robert K Jenner, Christian Clark Mester, Janet Willoughby Gershon Getz and Jenner LLC, Baltimore, MD, for Plaintiff.

### MEMORANDUM

NICKERSON, Senior District Judge.

Before the Court is the Government's Motion to Dismiss Count I, or in the Alternative, for Summary Judgment (Paper No. 14). The motion is fully briefed and ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the Government's motion will be denied.

### I. BACKGROUND

On August 21, 2000, Plaintiffs Judy and Jim Starr brought their daughter Traci, age 22, to the Kimbrough Ambulatory Care Center. Traci presented with complaints of vomiting and diarrhea for the previous few days, no urine output, and abdominal pain. She was seen and treated by Dr. Swati Desai and was discharged on the same day. On August 23, 2000, Plaintiff Judy Starr found her daughter unresponsive with "coffee ground" emesis around her nose and mouth, as well as on the bed linens. She was taken by ambulance to the North Arundel Hospital, where she later died. In their Complaint, Plaintiffs allege that Traci died as a direct and proximate result of Defendant's failure to recognize and respond properly to Traci's life-threatening medical condition on August 21, 2000.

On March 5, 2001, Plaintiff Judy Starr, as Personal Representative of the Estate of Traci Jean Starr, completed and signed an SF–95 Claim for Damage, Injury or Death. The instant federal lawsuit was filed on or about June 27, 2001 against the Government. The Complaint asserts claims against the Government pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671, *et seq.* In addition to the estate of Traci Jean Starr, two Plaintiffs are named in the Complaint: Judy Starr and Jim Starr. The Complaint asserts two causes of action arising out of Traci's death: a wrongful death claim (Count I) and a survival claim (Count II). The Government now moves to dismiss Count I for lack of subject matter jurisdiction and argues that administrative remedies were not exhausted under the FTCA.

### II. LEGAL STANDARD

■ With respect to the Government's 12(b)(1) motion challenging subject matter jurisdiction, the burden is on Plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *White v. CMA Const. Co., Inc.,* 947 F.Supp. 231, 233 (E.D.Va.1996) (citations omitted). In

ruling on this type of 12(b)(1) motion, a court may consider exhibits outside the pleadings and is free to weigh evidence and satisfy itself as to the existence of its power to hear the case. *Williams v. U.S.*, 50 F.3d 299, 304 (4th Cir.1995).

## III. DISCUSSION

■■■ The Government argues that Plaintiffs Jim and Judy Starr's wrongful death claims are barred for failure to exhaust administrative remedies.[1] The Government contends that the SF–95 failed to give notice of the claims. A plaintiff may not maintain an action against the United States for the negligence of one of its agents "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally decided by the agency in writing." 28 U.S.C. § 2675. The requirement of filing an administrative claim is jurisdictional and may not be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986). A claim is "presented" if it gives the government adequate notice to properly investigate the underlying incident and places a "sum certain" on the claim's value. *Mack v. United States*, 2001 WL 179888, at *4 (D.Md.2001) (citing *Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir.1994)).

■■■ The Court must determine whether the Starr's can bring their wrongful death actions. "[B]ecause wrongful death and survivorship claims are separate and distinct, the plaintiffs must . . . show that the single claim form submitted to the Government gave constructive notice of both causes of action." *Frantz v. United States*, 791 F.Supp. 445, 450 (D.Del.1992).

In the current case, Judy Starr filed the SF–95 as the personal representative of the estate, on behalf of Traci. The Government argues that because Jim and Judy Starr were not identified as individuals on the Claim Form, it had no notice that wrongful death claims were being asserted. *See* Govt.'s Mot. at 9.

While the Government is correct that Traci Starr was the only claimant listed on the SF–95, Judy Starr evinced an intent to recover for wrongful death damages, however, by listing $2,000,000 in the space reserved for "wrongful death," which could only have been incurred by Traci's parents. *See* Pls.' Exh. 2, SF–95, at 12c. Moreover, in the cover letter that accompanied the SF–95, Plaintiffs' lawyer specifically identified "Jim Starr, Judy Starr, individually, and Judy Starr, as Personal Representative of the Estate of Traci J. Starr, deceased," as the claimants. Pls.' Exh. 1. Further, in several telephone calls between Plaintiffs' counsel and the Government's claims representatives, Plaintiffs' counsel discussed the wrongful death claims of Jim and Judy Starr. *See* Pls.' Exh. 3, Jenner Aff., at ¶¶ 4, 6.

■■■ This court "has allowed claims to go forward when all of the plaintiffs have not filed separate claims and the claims arose out of the same facts and were for the same amount of money." *Munger v. United States*, 116 F.Supp.2d 672, 676 (D.Md.2000) (citing *Nicholson Air Service, Inc. v. United States*, 686 F.Supp. 538 (D.Md.1988)). The FTCA was not intended as a trap for the "unwary claimant," and "the purpose of 28 U.S.C. § 2675(a) is to provide notice to the relevant federal

---

1. Under Maryland law, claims for survival and wrongful death, although both arising upon a person's death, differ importantly. In a survival action, claims are prosecuted for the benefit of the estate, and the measure of damages is the harm to the decedent. *ACandS, Inc. v. Asner*, 104 Md.App. 608, 644, 657 A.2d 379 (1995), *rev'd and remanded on other grounds*, 344 Md. 155, 686 A.2d 250 (1996). A wrongful death claim is for the benefit of the spouse, parent, or child and includes damages for pecuniary loss and emotional harm to the survivors arising out of the loss of a family member. *Id.*

agency of claims, not to put up a barrier of technicalities to defeat their claims." *Munger,* 116 F.Supp.2d at 676 (internal quotations and citations omitted). While Plaintiffs' wrongful death actions are distinct from the survival action, they all arise from the same set of facts. Both are the result of alleged medical negligence, and both claims involve the same witnesses. The Court concludes that Plaintiffs have adequately fulfilled their administrative requirements by giving proper notice of their wrongful death claims. ·

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss Count I, or in the Alternative, for Summary Judgment will be denied. A separate order consistent with this Memorandum will issue.

### ORDER

Pursuant to the foregoing Memorandum, and for the reasons stated therein, IT IS this       day of February, 2003, by the United States District Court for the District of Maryland, ORDERED:

1. That the Government's Motion to Dismiss, or in the Alternative, for Summary Judgment (Paper No. 14) is hereby DENIED; and

2. That the Clerk of the Court shall mail or transmit copies of this Memorandum and Order to all counsel of record.