**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAYMOND ELIO ESPOSITO,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 03-3183

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 02-CV-2078-KHV)**

---

Submitted on the briefs:

Pantaleon Florez, Jr., Topeka, Kansas, for Plaintiff-Appellant.

Eric F. Melgren, United States Attorney, Christopher Allman, Assistant United States Attorney, Kansas City, Kansas, for Defendant-Appellee.

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

**EBEL** , Circuit Judge.

INTRODUCTION

The deceased Raymond Elio Esposito, through his counsel, appeals from the district court's order dismissing his complaint for wrongful death filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA). Mr. Esposito alleges that his death was the result of negligence by United States government employees. The district court dismissed the suit because Mr. Esposito is deceased and therefore lacks capacity to pursue an action for wrongful death. It further denied the plaintiff's motion to substitute Mr. Esposito's surviving wife as administratrix and plaintiff, reasoning that while his counsel had made an "honest" mistake in naming a decedent as plaintiff, the mistake was not an "understandable" one that would justify substitution under Fed. R. Civ. P. 17(a).

Rule 17(a) requires the district court to provide the party bringing an action with a reasonable time after objection to substitute the real party in interest. While the commentary to the Rule refers to "honest" and "understandable" mistakes in naming the appropriate party, we have never barred a party from substitution merely because his "honest" mistake was not also "understandable." The commentary to the Rule should not be applied in an overly formalistic manner where, as here, the interests of justice may be compromised by failure to grant leave to amend. We further reject the United States' argument that the

attempted suit by a decedent was a nullity, and therefore provides nothing to relate back to. We hold that the district court abused its discretion in denying substitution of Mr. Esposito's wife as plaintiff pursuant to Rule 17(a), based on counsel's failure to show that his "honest" mistake was also "understandable." We therefore reverse the order of dismissal, and remand for further proceedings.

FACTS

Mr. Esposito's complaint recites that he died on March 12, 1999, while in the custody of the United States Bureau of Prisons. The complaint alleges that his death was the result of a negligent failure to provide him with adequate medical attention during his incarceration at the United States Penitentiary in Leavenworth, Kansas. On March 7, 2001, his surviving spouse, Yolanda Esposito, filed an administrative tort claim for wrongful death with the Federal Bureau of Prisons and Department of Justice. Aplt. App. at 90. The United States denied her claim on August 23, 2001. *Id.* at 89.

Mrs. Esposito's attorney filed this complaint for wrongful death on February 22, 2002, the day before the six-month deadline for filing suit in federal district court expired. *Id.* at 6; *see* 28 U.S.C. §§ 2401(b), 2675(a). In spite of the fact that he had named Mrs. Esposito as the claimant in the administrative tort claim, counsel named the late Mr. Esposito as the sole plaintiff in the federal district court complaint. The United States responded with a motion to dismiss

-3-

for lack of subject matter jurisdiction, contending that the action was void and a nullity. On March 7, 2003, the district court dismissed the action for lack of subject matter jurisdiction, but granted counsel until March 17 to show cause why the court should substitute Mrs. Esposito as the plaintiff.

Mr. Esposito's attorney filed a response to the order to show cause, in which he explained (1) that he made an honest mistake because he incorrectly believed that only the person who suffered the harm was entitled to be named as the plaintiff in the suit; (2) that this was his first wrongful death suit; and (3) that the United States would not be prejudiced if Mrs. Esposito were substituted for Mr. Esposito as plaintiff. The district court accepted the attorney's characterization of the mistake as "honest," but found that he had failed to show that the mistake was "understandable" so as to justify substitution of Mrs. Esposito as plaintiff.

## ANALYSIS

1. **Standard of review**

We review the district court's dismissal for lack of subject matter jurisdiction *de novo*, and its findings of jurisdictional facts, if any, for clear error. *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). The district court's decision whether to join or substitute a party as a "real party in interest" under Fed. R. Civ. P. 17(a) is reviewed for an abuse of discretion. *Scheufler v.*

*Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997); *Metro. Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir. 1971).

## 2. **Procedural difficulties occasioned by naming Mr. Esposito as plaintiff**

We first consider, briefly, whether substitution is in fact necessary or whether the action can be pursued in the name of Mr. Esposito. We discern four difficulties that must be overcome if this action is to go forward. First, Mr. Esposito may lack capacity to maintain this suit in his own name. Second, as a decedent he may no longer be the real party in interest. Third, he has never filed an administrative claim in his own name. Fourth, Mrs. Esposito, the party who did file an administrative claim, has not filed a timely action in federal district court as required by 28 U.S.C. §§ 2401(b) and 2675(a). We consider each of these difficulties in turn.

### a. **Capacity to sue**

Federal Rule of Civil Procedure 17 governs both the determination of a party's capacity to sue and be sued and his or her status as the real party in interest. The "real party in interest" principle requires that an action "be brought in the name of the party who possesses the substantive right being asserted under the applicable law." 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1541 at 321 (2d ed. 1990) (hereinafter *Federal*

*Practice & Procedure*). Capacity, by contrast, refers to "a party's personal right to litigate in a federal court." *Id.* § 1542, at 327.

Rule 17(b) provides that issues of capacity are determined by the law of the individual's domicile. The parties do not dispute the district court's determination that Mr. Esposito was domiciled in Kansas and that Kansas law should be applied to determine the question of capacity. Under Kansas law, a decedent lacks capacity to sue or be sued. *Cf. Moore v. Luther*, 35 P.3d 277, 279 (Kan. Ct. App. 2001) (stating decedent cannot be sued). Therefore, Mr. Esposito could not bring this action on his own behalf.

b. **Real party in interest**

Rule 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." Since Mr. Esposito could not bring this action, his right had to be asserted, if at all, by a party on whom the right devolved at his death. The identity of this real party in interest is determined by referring to the governing substantive law. *See* 6A *Federal Practice & Procedure* § 1543, at 334; *Audio-Visual Mktg. Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976).

The FTCA governs Mr. Esposito's wrongful death suit. Pursuant to the FTCA, "[t]he United States shall be liable [with respect to] tort claims, in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, "in accordance with the law of the place where

the act or omission occurred," *id.* § 1346(b)(1). *Ayala v. United States*, 49 F.3d 607, 610 (10th Cir. 1995). We therefore look to Kansas law to determine who is the proper party to bring a wrongful death action. *See, e.g., Goodman v. United States*, 298 F.3d 1048, 1054 (9th Cir. 2002) (looking to state law to determine appropriate party to bring wrongful death action under FTCA).

Kansas Statute Annotated § 60-1902 provides that the decedent's heirs at law are the appropriate parties to a wrongful death action:

> The action may be commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death. Any heir who does not join as a party plaintiff in the original action but who claims to have been damaged by reason of the death shall be permitted to intervene therein. The action shall be for the exclusive benefit of all of the heirs who has [sic] sustained a loss regardless of whether they all join or intervene therein, but the amounts of their respective recoveries shall be in accordance with the subsequent provisions of this article.

The district court thus had grounds to dismiss the action, purportedly brought by Mr. Esposito. Only Mr. Esposito's heirs at law were "real parties in interest" entitled to bring the action.

### c. **Mr. Esposito's failure to file a claim**

A further difficulty, this time jurisdictional, is presented by Mr. Esposito's failure to file a timely administrative claim for his own wrongful death, as required by 28 U.S.C. § 2675(a). Mr. Esposito has failed to exhaust his

administrative remedies and may not pursue this action in his own name.
*See, e.g., Cadwalder v. United States*, 45 F.3d 297, 300-02 (9th Cir. 1995).

d. **Mrs. Esposito's failure to file a timely suit**

Finally, Mrs. Esposito, who did file an administrative claim for wrongful death, failed to file suit within the six months provided by statute. "A district court does not have jurisdiction to hear a tort claim against the United States unless the claimant files a complaint in federal court within six months after final agency decision." *Goodman*, 298 F.3d at 1053. Therefore, as it was presented, the district court lacked subject matter jurisdiction over this suit. [1]

3. **Substitution**

The fact that Mr. Esposito cannot proceed with this suit does not end our inquiry, however. Rule 17(a) requires the district court to grant leave to substitute or join the real party in interest prior to dismissing an action for failure to name the real party in interest:

---

[1]    Failure to name the real party in interest does not ordinarily create a jurisdictional defect; the "real party in interest" issue may in fact be waived if the defendant fails to present it in a timely fashion. *FDIC v. Bachman*, 894 F.2d 1233, 1235-36 (10th Cir. 1990). The issue of subject matter jurisdiction arises here, however, because the FTCA acts as a limited waiver of sovereign immunity. A party's failure to file a timely suit strips the federal courts of subject matter jurisdiction. *See Goodman*, 298 F.3d at 1053. Mrs. Esposito, the party properly named in the administrative FTCA claim, did not file this suit within the period provided by statute.

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a).

If Mrs. Esposito were substituted under this rule, it would solve each of the problems identified above. *See, e.g., Goodman*, 298 F.3d at 1054 (holding FTCA jurisdictional requirements satisfied in wrongful death action by substituting husband in his individual capacity, who had filed timely administrative claim, for husband in his capacity as personal representative of decedent's estate, who had not filed claim and could not bring wrongful death action under state law). Rule 17(a) provides that the substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest." The issue before us, therefore, is whether the district court should have permitted Rule 17(a) substitution under the circumstances of this case.

### a. **"Understandable" mistake requirement**

We review *de novo* the district court's interpretation of the Federal Rules of Civil Procedure. *Butler v. Biocore Med. Tech., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003). Read literally, Rule 17(a) would appear to require that a party *always* be given a reasonable time to substitute the real party in interest where

objection has been made. [2] Such a literal reading, however, would countenance conduct in violation of the spirit of the Rules, such as filing suit in the name of a fictitious party in the hope that the real party might at some future point be identified. *See* 6A *Federal Practice & Procedure* § 1555, at 415. Courts have therefore looked to the Advisory Committee Notes accompanying the Rule to provide parameters for its application. *See id.* at 415-16; *see also generally United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule . . . ."); *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986) (stating that "[a]lthough the Advisory Committee's comments do not foreclose judicial consideration of the Rule's validity and meaning," they are entitled to weight in determining Congressional purpose).

---

[2] The language in Rule 17(a) permitting substitution and relation back dates to a 1966 amendment to the Rule. The amendment was originally developed to apply to maritime actions with a very short statute of limitations where the identity of the party entitled to sue can be difficult to determine. 6A *Federal Practice & Procedure* § 1555, at 411. As adopted, however, the provision was made applicable to all civil cases, on the basis that it was consistent with the better-reasoned decisions in a variety of civil contexts. *Id.* at 411-12. Indeed, the practice in this circuit, even prior to the amendment of the Rule, was to permit substitution where necessary in the interests of justice. *See Am. Fid. & Cas. Co. v. All Am. Bus Lines, Inc.*, 190 F.2d 234, 236-37 (10th Cir. 1951).

The Advisory Committee Notes to the 1966 Amendment of Rule 17 specify that substitution is required only where necessary to prevent a forfeiture or injustice:

> This provision keeps pace with the law as it is actually developing. Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed–in both maritime and nonmaritime cases. See *Levinson v. Deupree*, 345 U.S. 648 (1953); *Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C. Cir. 1963). The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an *understandable mistake* has been made. It does not mean, for example, that, following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period . . . . It is, in cases of this sort, intended to insure against forfeiture and injustice–in short, to codify in broad terms the salutary principle of [ *Levinson* ] and [ *Link Aviation* ].

Fed. R. Civ. P. 17 advisory committee's note (1966 Amendment) (emphasis added).

The district court relied on the language we have emphasized in the above quotation to conclude that the party seeking substitution must demonstrate an "understandable" mistake in naming the incorrect party plaintiff. Some courts have indeed adopted this formulation of the requirement. *See, e.g., Wieburg v. GTE SW Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (citing cases). In this circuit, however, we have never required a plaintiff seeking substitution to show that his

-11-

mistake was "understandable" in addition to being "honest." Instead, our cases focus primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was "honest"), and on whether the defendant was prejudiced thereby. *See, e.g., Scheufler*, 126 F.3d at 1270 (upholding district court's joinder of real party in interest because plaintiff's failure to include certain parties "was not the result of some tactic designed to prejudice defendant" and "there has been no tangible showing that defendant was prejudiced by the joinder"); *Metro. Paving*, 439 F.2d at 306 (permitting substitution of corporations for joint venture where "it was clear from the outset that the three corporations were the real parties in interest" and "there was no prejudice to the defendant," even though applicable statute of limitations had run at time of substitution). Interestingly, *Metropolitan Paving* suggests that even a mistake that should have been patently obvious does not automatically foreclose a later substitution, so long as the plaintiff did not act in bad faith and the defendant has not been prejudiced thereby. 439 F.2d at 306.

A careful reading of the Rule 17(a) commentary cautions us against an over-emphasis on the "understandability" of counsel's mistake as a separate factor in the analysis. The example given in the commentary of what is not an "understandable" mistake–the deliberate naming of fictitious parties–is also plainly not an "honest" mistake. It is therefore open to question whether the

commentary intended to ingraft a separate "understandability" requirement *, in addition to the "honest mistake" requirement*, where the plaintiff committed an otherwise honest mistake.

The commentary relies on two cases, *Levinson v. Deupree*, 345 U.S. 648 (1953) and *Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C. Cir. 1963). Neither of these cases imposes a requirement that the failure to name the "real party in interest" in the initial complaint be "understandable." Since the language of the Rule itself does not impose a threshold requirement that a party's mistake be "understandable," we should be wary of reading such a blanket requirement into the Rule based on ambiguous language in the commentary.

We do not foreclose the possibility that a party's mistake in naming the plaintiff in a wrongful death action could be so inexplicable and irrational as to raise an inference that it was not an "honest" mistake. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) ("[T]he district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party . . . ."). That inference cannot be drawn in this case, however, because the district court has already made a finding, supported by the evidence, that the mistake made was an "honest" one. Aplt. App. at 135. That finding triggered the policy behind Rule 17(a), which disfavors forfeiture. *Advanced Magnetics*, 106 F.3d at 20.

We therefore conclude that the district court abused its discretion in denying the requested substitution based on the plaintiff's failure to show an "understandable" mistake.

b.  **Relation back to a "nullity"**

The United States argues, however, that substitution and/or relation back are unavailable in this case because the attempt to bring the case in the name of a decedent was a nullity, which cannot be cured by substitution.  The district court rejected this proposition, which is re-urged on appeal as an alternative ground for affirmance.  There is very little authority on this point.  Prior cases denying substitution or relation back on a theory of "nullity," however, are distinguished from this case.

*Banakus v. United Aircraft Corp.*, 290 F. Supp. 259 (S.D.N.Y. 1968), is the case most often cited for the "nullity" theory.  In that case, the district court denied motions by the decedent's administratrix (1) to substitute herself for the decedent in his suit for personal injuries and (2) to add a claim for wrongful death.  *Id.* at 260.  The court noted that because the decedent had died thirty-five minutes before his attorney filed his action seeking damages for personal injury, his suit was a nullity.  *Id.*  It therefore could not be revived by substituting parties and amending the complaint to add a claim for wrongful death.  *Id.*

*Banakus* involved a particular factual situation that is not present here. The decedent's original complaint in *Banakus* was for personal injury only and did not include a cause of action for wrongful death. The court was not faced with possible forfeiture of a wrongful death claim; it specifically stated that its holding was without prejudice to the right of the administratrix to institute a separate action for wrongful death. *Id.* The essential point of *Banakus* is that the administratrix should not have attempted to revive an expired lawsuit for personal injuries by injecting a new wrongful death claim; instead, she should have filed her claim as a separate action. Because *Banakus* relied heavily on the administratrix's attempt to obtain amendment as well as substitution, and did not address the forfeiture avoidance principles of Rule 17(a), we do not find it persuasive on the substitution issue in this case.

*Mizukami v. Buras*, 419 F.2d 1319 (5th Cir. 1969) (per curiam), also frequently cited in this context, is not on point here either. That case dealt with an attempt to substitute the heirs of a *defendant* pursuant to Fed. R. Civ. P. 25, rather than the heirs of a plaintiff under Rule 17(a). The same is true of *Moul v. Pace*, 261 F. Supp. 616 (D. Md. 1966). We find none of these cases persuasive on the issue confronting us here.

We do, however, find support in the federal rules for permitting substitution notwithstanding Mr. Esposito's lack of capacity at the time the suit

was filed. As the district court pointed out, nothing in Rule 17(a) requires that the original plaintiff have capacity to sue. The fact is, Rule 17(a) does more than merely provide a relation back principle. It provides that substitution "shall have the *same effect as if* the action had been commenced in the name of the real party in interest." Fed. R. Civ. P. 17(a) (emphasis added). [3] Rule 17(a) is designed to prevent forfeitures, and as such must be given broad application. *See* Fed. R. Civ. P. 17 advisory committee's notes (1966 Amendment) (stating Rule 17(a) is "intended to insure against forfeiture and injustice" by codifying "in broad terms" prior law permitting substitution notwithstanding running of limitations statute). We conclude that Mr. Esposito's lack of capacity at the time the suit was filed does not prevent the substitution from relating back to the date the suit was filed under Rule 17(a).

### c. **Prejudice to the United States**

Finally, the United States argues that substitution should be denied because it has been prejudiced. The typical grounds for prejudice are absent, since the United States had actual notice of Mrs. Esposito's claim against it once she filed an administrative tort claim. The United States relies instead on the delay caused

---

[3] As noted above, this case presents an attempt to substitute the real party in interest under Rule 17, and not an attempt to amend a complaint under Fed. R. Civ. P. 15. We do not, therefore, address the effect of Rule 15 on the issue presented here.

by Mrs. Esposito's failure to move for substitution earlier in the action and it points, *inter alia*, to plaintiff's failure to provide discovery and to designate an expert witness on medical care issues.  Aplee. Br. at 41-43.  Nothing in our decision should be viewed as prohibiting the United States from raising these issues or as prohibiting the district court from taking appropriate action in response to them.  Nor do we hold that substitution should relieve plaintiff of any deadlines previously established in this case.  These are matters to be considered on remand by the district court.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings in accordance with this opinion.