

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2008

# Pace v. Leavitt

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4510

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pace v. Leavitt" (2008). *2008 Decisions*. Paper 492.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/492

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4510

_____

DONNA PACE, on behalf of herself and all others similarly situated,
*Appellant*

vs.

MICHAEL O. LEAVITT, Secretary of the United States
Department of Health and Human Services

_____

On Appeal from the United States District Court
For the District of New Jersey
(Civ. No. 06-2925)
District Court Judge: Honorable William J. Martini

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 23, 2008

_____

Before: BARRY, AMBRO and GARTH, *Circuit Judges*,

( Filed: September 24, 2008)

_____

**OPINION**

_____

GARTH, *Circuit Judge*:

Donna Pace appeals from the District Court's order affirming the substitution of

Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services (the "Secretary"), for the named defendant, Riverbend Government Benefits Administrator, Inc. For the following reasons, we will affirm.

## I.

On July 7, 2005, Riverbend, a private insurance company acting as an intermediary for the Medicare program, sent two attached letters to Pace, a Medicare beneficiary, requesting reimbursement for an overpayment. One was a standard Medicare demand letter listing the full amount owed as $4,735.64. The other was a cover letter acknowledging past receipt of $1,064.58 and stating that the remaining balance was $3,671.06.

On May 15, 2006, after resolving the overpayment owed, Pace filed a complaint in state court against Riverbend alleging that these letters violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p.[1] The case was removed to federal court, and the Government moved to substitute Secretary Leavitt for Riverbend as the real party of interest pursuant to Federal Rule of Civil Procedure 17, or alternatively to intervene pursuant to Federal Rule of Civil Procedure 24(a). The Magistrate Judge granted the motion for substitution on July 14, 2006, and the District Court affirmed on January 31, 2007.

---

[1] In essence, Pace claimed that the letters failed to state that Riverbend was a debt collector or that it was attempting to collect a debt. She later conceded that she had no issue with the standard Medicare demand letter, leaving only the cover letter at issue.

Subsequently, on November 7, 2007, the District Court dismissed the complaint for lack of subject matter jurisdiction because a FDCPA claim cannot be asserted against an "officer or employee of the United States." 15 U.S.C. § 1692a(6)(C). Pace now appeals the substitution of the Secretary.

## II.

The District Court had original jurisdiction pursuant to 28 U.S.C. § 1441. We have jurisdiction under 28 U.S.C. § 1291, which provides appellate jurisdiction from all final decisions of U.S. district courts. We review for abuse of discretion a district court's decision whether to join or substitute a party as a "real party of interest" under Federal Rule of Civil Procedure 17(a). Esposito v. United States, 368 F.3d 1271, 1273 (10th Cir. 2004); Wieburg v. GTE Southwest Inc., 272 F.3d 302, 308 (5th Cir. 2001). We exercise *de novo* review over a dismissal for lack of subject matter jurisdiction. Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

## III.

Pace contends that Riverbend should be subject to liability under the FDCPA because it was like any other private contractor hired by the Government. Extending governmental immunity to Riverbend would, Pace argues, permit it to escape its duties and obligations under the FDCPA as a private debt collector. We do not agree.

Private insurance companies, such as Riverbend, contracted by the Secretary under Part A of the Medicare Program have been known as "fiscal intermediaries." 42 U.S.C.

§ 1395h.[2]  These fiscal intermediaries "'act[] on behalf of the [Medicare] Administrator in carrying out certain administrative responsibilities that the law imposes' and [are] entitled to indemnification from the United States, which, therefore, is 'the real party of interest.'" Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71-72 (2d Cir. 1998) (quoting 42 C.F.R. § 421.5(b)) (surveying cases); accord S. Rep. No. 89-404 (1965), as reprinted in 1965 U.S.C.C.A.N. 1943, 1995 ("In the performance of their contractual undertakings, the carriers and fiscal intermediaries would act on behalf of the Secretary . . . . The Secretary, however, would be the real party in interest in the administration of the program.").  In sending the letters at issue in this case, Riverbend clearly was acting on behalf of the Secretary in administering the Medicare program.

Because we find that the Secretary was properly substituted as the real party of interest, we need not decide whether Riverbend was otherwise entitled to immunity. Since FDCPA claims cannot be asserted against the Secretary, the District Court properly dismissed the complaint for lack of subject matter jurisdiction.

**IV.**

Accordingly, we affirm the District Court's orders of January 31, 2007 and November 27, 2007.

---

[2]  As the District Court noted, Congress amended the Medicare Act to authorize the Secretary to enter into contracts with "Medicare Administrative Contractors," rather than fiscal intermediaries, but this amendment did not become effective until after the relevant events in this case.  42 U.S.C. § 1395kk-1 (effective October 1, 2005).