Mr. Justice Clayton
delivered the opinion of the court.
This was an action of debt upon a writing obligatory. There are various alleged errors in the proceedings, but it will be sufficient to, notice a single one. During the trial the defendants offered to prove that David Irvine was dead at the time the suit was brought. This evidence was objected to, and rejected by the court, to which a bill of exceptions was filed.
This was erroneous. A judgment for or against a dead man is usually a nullity. Our statute directs that the death of the nominal plaintiff during the pendency of the suit, shall not cause its abatement. H. & H. 584. This constitutes perhaps the only exception. But this cannot be construed to authorize the commencement of a suit, in the name of a person no longer in existence. It matters not at what time the fact of the death of a party is made known to the court; nor in what form. The objection rises above the mere technical rules of pleading, and goes to the right of the court to proceed. It stops the cause at whatever stage it may be, whenever made known to the court.
*208 The exclusion of the testimony was therefore erroneous. If the fact is made out to the satisfaction of the court, the effect must be an abatement of the suit, as it will show it was wrongly brought at its inception.
Judgment reversed, and cause remanded.