MRS. LUCY C. STUBER *v.* LOUISVILLE & NASHVILLE RAIL-
ROAD COMPANY.

(*Jackson.*   April Term, 1904.)

1. **PERSONAL INJURIES.**   Husband's suit   becomes that of
   widow without revivor upon his death.

   The suit of a husband for personal injuries wrongfully inflicted,
   upon his death, becomes the suit of his widow to all intents
   and purposes, without revivor; and upon dismissal of such suit,
   upon a ground not concluding the right of action, a new suit
   may be commenced by her within one year thereafter. (*Post,
   pp.* 310-316.)

   Code cited and construed:   Secs. 4025-4029, 4446 (S.); secs. 3130-
   3134, 3449 (M. & V.); secs. 2291-2293, 2755 (T. & S. and 1858).

   Cases cited and approved:   Norment v. Smith, 1 Hum., 46;
   Bream v Brown, 5 Cold., 170; Chambers v. Porter, 5 Cold.,
   276; Flatley v. Railroad, 9 Heis., 234; Fowlkes v. Railroad, 9
   Heis., 831, 846; Trafford v. Express Co., 8 Lea, 97-108; Railroad
   v. Lilly, 90 Tenn., 564; Railroad v. Pitt, 91 Tenn., 86-92; Loague
   v. Railroad, 91 Tenn., 459-462; Railroad v. Bean, 90 Tenn., 393,
   394; Hooper v. Railroad, 107 Tenn., 712; Bentz v. Railroad, 108
   Tenn., 670; Davidson-Benedict Co. v. Severson, 109 Tenn., 573,
   616, 639.

2. **SAME.**   Same.   Right of decedent preserved for widow, chil-
   dren, or next of kin, but no new cause of action is created.

   The right of action of the deceased for personal injuries wrong-
   fully inflicted causing his death is kept alive and preserved
   by statute, for the benefit of his widow, children or next of
   kin, and a suit commenced by decedent while in life may be
   prosecuted to judgment for the same purpose; but no new or
   independent cause of action is created in favor of such parties.
   (*Post, pp.* 312-315.)

   Code cited and construed:   Secs. 4025-4029 (S.); secs. 3130-
   3134 (M. & V.); secs. 2291-2293 (T. & S. and 1858).

   113 Tenn—20

Stuber v. Railroad.

Cases cited and approved: Bream v. Brown, 5 Cold., 170; Chambers v. Porter, 5 Cold., 276; Flatley v. Railroad, 9 Heis., 234; Fowlkes v. Railroad, 9 Heis., 831, 846; Trafford v. Express Co., 8 Lea, 97-108; Railroad v. Lilly, 90 Tenn., 564; Railroad v. Pitt, 91 Tenn., 86-92; Loague v. Railroad, 91 Tenn., 459-462; Railroad v. Bean, 94 Tenn., 393, 394; Whaley v. Catlett, 103 Tenn., 351; Davidson-Benedict Co. v. Severson, 109 Tenn., 573, 616, 639.

3. **STATUTES OF LIMITATIONS.** New action within a year after abatement, nonsuit, or dismissal, when.

Judgments abating suits because of death of plaintiffs, upon voluntary nonsuits or dismissals, do not conclude the right of action or merits, and new suits in such cases may be brought within one year thereafter. (*Post, p.* 316.)

Code cited and construed: Sec. 4446 (S.); sec. 3449 (M. & V.); sec. 2755 (T. & S. and 1858).

Cases cited and approved: Norment v. Smith, 1 Hum., 46; Hooper v. Railroad, 107 Tenn., 712; Bentz v. Railroad, 108 Tenn., 670.

4. **RAILROADS.** Employees in different departments are not fellow servants; foreman of water supply is not fellow servant of engineer.

Railroad employees engaged in different departments of the company's service are not fellow servants, and do not assume the risks incident to the negligence of each other; and the foreman of the water supply of a railroad is not a fellow servant with the engineer of a detached engine, upon which he was authorized to ride and was riding for the purpose of inspecting a water tank. (*Post, pp.* 316-320.)

Cases cited and approved: Railroad v. Carroll, 6 Heis., 347, 361; Railroad v. DeArmond, 86 Tenn., 73; Mining Co. v. Davis, 90 Tenn., 719; Taylor v. Railroad, 93 Tenn., 306, 307; Railroad v. Jackson, 106 Tenn., 445; Freeman v. Railroad, 107 Tenn., 346.

Stuber v. Railroad.

5. **SAME**. Same. Instances of employees that are not fellow servants with each other.

A section boss is not a fellow servant with the conductor and crew of a passenger train (Railroad v. Carroll, 6 Heis., 347, 361); the conductor of a freight train and a telegraph operator are not fellow servants (Railroad v. DeArmond, 86 Tenn., 73); a car inspector is not a fellow servant of an engineer operating a switch engine (Taylor v. Railroad, 93 Tenn., 306); a conductor and station agent are not fellow servants (Railroad v. Jackson, 106 Tenn., 445); a member of a bridge crew is not a fellow servant with the conductor and engineer operating a train (Freeman v. Railroad, 107 Tenn., 346). (*Post, pp.* 318-320.)

6. **SUPREME COURT PRACTICE**. Such judgment upon reversal as lower court should have rendered will be rendered by supreme court, when.

Such judgment as should have been rendered by the circuit judge will be rendered by the supreme court upon the facts found by the circuit judge in a written opinion made by him in pursuance of a request of the parties, where the case in an action for personal injuries wrongfully inflicted is reversed. (*Post, pp.* 309, 321.)

---

**FROM HENRY.**

---

Appeal from the Circuit Court of Henry County.— JOHN R. BOND, Judge.

FITZGERALD WILLIAMS and J. P. THOMASON, for plaintiff.

W. W. FARRABORGH, W. W. LEWIS, and J. W. JUDD, for defendant.

Stuber v. Railroad.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This action was brought by Mrs. Lucy Stuber, widow of William Stuber, deceased, to recover damages for the death of her husband, caused by the wrongful act of the defendant.

William Stuber, foreman of the water supply of the defendant upon its Memphis division, while going to Humboldt, September 19, 1898, upon a detached engine of the company upon which he was authorized to ride, for the purpose of inspecting the water tank at that place, was seriously injured in a collision caused by the negligence of the engineer in charge of the locomotive, and brought his action against the company May 10, 1899, in the circuit court of Henry county, to recover the damages sustained by him. The case was removed to the circuit court of the United States for the western division of Tennessee, upon the petition of the defendant, where it was tried and judgment had in the plaintiff's favor for $6,000, which was reversed May 7, 1901, upon appeal, by the United States circuit court of appeals for this circuit, and the case remanded to the circuit court for a new trial. After this, on March 2, 1902, William Stuber died; his death was suggested and admitted at the April term, 1902, and at the succeeding term, on November 5, 1902, an order was entered abating and dismissing the case.

Mrs. Stuber, his widow, brought this suit February 28, 1903. In her declaration she alleges the negligence

of the engineer of the defendant; the injuries sustained by her husband; the institution of his suit in the circuit court of Henry county, and its removal to the federal court; the death of her husband in consequence of the injuries inflicted upon him and the abatement and dismissal of his suit, stating the facts fully and in proper form. The defendant pleaded in defense the general issue not guilty; the statute of limitation of one year, and that the judgment of the federal court, dismissing the suit of William Stuber, was a former adjudication against her right of recovery upon the cause of action sued upon in this case.

The defense made by the last plea is not now insisted upon, and need not be further noticed.

The case was heard by Hon. John R. Bond, without the intervention of a jury, and his findings of fact and conclusions thereon, by request of the parties, were reduced to writing and appear in the record. His honor was of the opinion that the injuries sustained by William Stuber were caused by the negligence of the engineer of the defendant in charge of the colliding train upon which the deceased was riding, and that these injuries caused his death; that the deceased and the engineer were in the service of the same employer, but in different departments, and were not fellow servants, and so found. But he was of the opinion, and held, that the plaintiff's right of action was barred by the statute of limitation of one year, and dismissed her suit with costs.

The plaintiff and the defendant both excepted to the action of the trial judge, and bring the case here by appeal in the nature of a writ of error.

The plaintiff assigns as error the action of his honor holding her case barred by the statute of limitation; and the defendant his finding and holding that William Stuber and the locomotive engineer were not fellow servants.

These are the only questions before us for determination.

We will first dispose of the assignment of error of the plaintiff. From the statement of facts we have made it appears that William Stuber received his injuries September 19, 1898, and brought his action to recover damages therefor May 10, 1899; that he died March 2, 1902, and his suit was abated November 5, 1902; and that this suit was brought February 28, 1903. The first action, then, was brought within one year after it accrued; and this within one year after that was abated and dismissed.

The contention of the plaintiff is that the cause of action in both cases is the same; that after the death of William Stuber on March 2, 1902, the first suit, under the statute, became her suit to all intents and purposes, without revivor, and that it was her suit that was subsequently dismissed; and this action, having been brought within one year after the dismissal of the first, upon a ground not concluding her right of action, the bar of

the statute of limitation is saved by the provisions of the Code, sec. 2755; Shannon's edition, sec. 4446.

While the defendant insists that the two actions, that brought by William Stuber and this one, are entirely different suits, having different parties, and beneficiaries, entitled, if successful, to recover different damages, and therefore the statute relied upon by the plaintiff to save the bar of the statute of limitation of one year is not applicable.

We are of opinion that the contention of the plaintiff is sound and must be sutained. The statutes of Tennessee, upon which this action is predicated and which are controlling in this case, are to be found in sections 4025, 4026, 4027, 4028 and 4029 of Shannon's edition of the Code, and are as follows:

"4025. The right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his personal representative, for the benefit of his widow or next of kin, free from the claims of creditors.

"4026. The action may be instituted by the personal representative of the deceased; but, if he decline it, the widow and children of the deceased may, without the consent of the representative, use his name in bringing and prosecuting the suit, on giving bond and security

for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs, unless he sign his name to the prosecution bond.

"4027. The action may also be instituted by the widow in her own name, or, if there be no widow, by the children.

"4028. If the deceased had commenced an action before his death, it shall proceed without a revivor. The damages shall go to the widow and next of kin, free from the claims of the creditors of the deceased, to be distributed as personal property.

"4029. Where a person's death is caused by the wrongful act, fault or omission of another, and suit is brought for damages, as provided for by sections 4025 to 4027, inclusive, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time and necessary expense, resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received."

These statutes have been frequently construed by this court, and their purpose, meaning and effect is well settled and not open for discussion. They do not create a new cause of action in favor of the widow, children, or next of kin of a decedent whose death is caused by the wrongful act of another; they merely alter the rule of the common law under which rights of action of this

character, and suits brought thereon, abated upon the death of the injured party, so as to keep alive and preserve the right of action of the deceased for the benefit of his widow, children, or next of kin; and to authorize suit thereon to be brought to recover the damages sustained in the name of the personal representative of the deceased, or that of the widow or children, and, where suit has been commenced by the decedent while yet in life, to allow it to be prosecuted to judgment for the sam purpose.

In *Whaley* v. *Catlett,* 103 Tenn., 351, a case involving the construction of these statutes, this court, speaking through Mr. Justice Wilkes, said: "We are of opinion that a careful reading of the statutes can lead to no other conclusion than that they provide alone for the continued existence and passing of the right of action of the deceased and not for any new, independent cause of action in his widow, children, or next of kin. Section 4025, Shannon, refers to it as the right of action which the deceased would have had in case death had not ensued, and provides that it shall not abate or be extinguished, but shall pass to his widow, etc. It does not provide for or refer to any new cause of action arising or coming into existence in their favor. It is alone by virtue of these statutes that a right of action exists in the widow, children, or next of kin at all, for the unlawful killing of the deceased and this right exists under the statute not because it arises directly to them

in their own right, but because it passes to them in the right of the deceased.

"At common law all personal actions for wrongs or injuries died with or abated by the death of the party injured and no right of action survived or arose in favor of the widow or children, or next of kin. They can, therefore, take only under and according to the provisions of the statutes." Citing: *"Bream* v. *Brown,* 5 Cold., 170; *Chambers* v. *Porter,* 5 Cold., 276; *Flatley* v. *Railroad,* 9 Heisk., 234; *Fowlkes* v. *Railroad Co.,* 9 Heisk., 831, 846; *Trafford* v. *The Ex. Co.,* 8 Lea, 97-108; *Railroad Co.* v. *Lilly,* 6 Pick., 564; *Railroad* v. *Pitt, Adm'r,* 7 Pick., 86-92; *Loague* v. *Railroad Co.,* 7 Pick., 459-462; *Railroad* v. *Bean,* 10 Pick., 393, 394."

It is also held in the case of *Loague* v. *Railroad Co.,* 91 Tenn., 462, approved in the case of *Whaley* v. *Catlett,* supra, that chapter 186, Acts of 1883, Code, Shannon's Edition, sec. 4029, allowing the widow, children, or next of kin to recover the damages resulting to them in consequence of the injuries and death of the deceased, in addition to those which he could recover if living, does not create a new cause of action, but only enlarges the scope of the damages which may be recovered by the parties in suits brought and prosecuted upon the cause, of action which accrued to the deceased.

These and other cases brought under these statutes were reviewed and approved in the able and exhaustive opinion of Mr. Justice Neil, in the case of *Davidson-*

*Benedict Co.* v. *Severson,* 109 Tenn., 573, 616, 639, the latest utterance of this court upon this question.

There is then no doubt but that the cause of action is the same in both suits. It is equally as certain that the parties and the beneficiary, in the first suit, when dismissed, and this, are the same.

When William Stuber died Mrs. Stuber, his widow, had the right under the statute (Code, Shannon's Ed., sec. 4028) to prosecute the action which he had brought, to judgment without revivor. That suit, upon the death of her husband, by operation of the statute, became and was in law, her suit, with the power to control it, and to have and receive the benefits that might accrue from it in as full and ample manner as if it had been instituted by her and in her name, after the death of her husband. The statute gave her the right to prosecute it to judgment without revivor, but it did not make it obligatory upon her to do so. The object of the statute was to enlarge and facilitate her remedy upon the cause of action accruing to her husband, not to limit and hamper it. It vested in her all the rights in the suit which her husband had, or which she would have had in an action of this kind originally brought by her. She had the same right which William Stuber had to continue the prosecution of that suit or to dismiss it and bring another upon the same cause of action. No one would insist that, if William Stuber had dismissed the suit, or allowed it to be dismissed by judgment not concluding his right of action, and had

brought another within one year, he would be barred by the statute of limitation. If he would not be barred, neither would the plaintiff, who succeeded to all his rights and remedies. The judgment of the federal court dismissing the action then pending, to which she had succeeded, was not a judgment upon the merits, and did not conclude her right of recovery against the defendant, and, therefore, this case comes clearly within the provisions of the statute, Code, sec. 4446, allowing another suit upon the same cause of action within one year after a judgment of this nature is entered. This court has repeatedly held that judgments abating suits because of death of plaintiffs, upon voluntary nonsuit, or dismissal, do not conclude the merits, and that a new suit may be brought within one year. *Norment* v. *Smith,* 1 Humph., 46; *Hooper* v. *Railroad Co.,* 107 Tenn., 712; *Bentz* v. *Railroad Co.,* 108 Tenn., 670.

Coming now to the assignment of error filed by the defendant. The trial judge found that, while William Stuber and the engineer whose negligence caused his injuries, were in the service of a common employer, the defendant railroad company, they were engaged in different departments of its service, and held that they were not fellow servants; and therefore, that the plaintiff did not assume the risks incident to the negligence of the engineer, and that the defendant, other questions out of the way, was liable to his widow, or next of kin, in damages, for the injuries sustained by him. There

is no error either in the findings of facts, or the con-
clusions of law upon them.

The doctrine that the employees of railroad com-
panies engaged in different departments of the com-
pany's service are not fellow servants and do not as-
sume the risks incident to the negligence of each other,
while not recognized in the courts of the United States,
is well established in Tennessee. We will only call at-
tention to a few of our cases in which it was applied.

In the case of *Railroad* v. *DeArmond,* 86 Tenn., 73,
it is said: "Ordinarily fellow servants assume the
risks incident to each other's negligence, but in Ten-
nessee, where servants of the same master are engaged
in different departments of a common service, or one
is the superior of another in the same department,
either temporarily or permanently, they are not fellow
servants within the meaning of this rule."

And in the case of *Coal Creek Mining Co.* v. *Davis,* 90
Tenn., 719, the reasons upon which this exception from
the general rule of nonliability of employers to em-
ployees for negligence of their fellow servants, is
founded, are stated in these words: "The doctrine
rests upon the theory that the vast extent of the busi-
ness of railway companies has led to the division of
their business into separate and distinct departments;
that by reason of this division, a servant in one branch
or department has no sort of association or connection
with one in another department; that this absence of
association gives such servant no opportunity of ob-

serving the character of a servant in another department of labor and no opportunity to guard against the negligence of such servant. The want of consociation is the idea underlying this limitation."

In the case of *Railroad* v. *Carroll*, 6 Heisk., 361, the parent case in this State upon this subject, it was held that a section boss was not a fellow servant with the conductor and crew of a passenger train and could recover from the common employer damages for injuries sustained through the negligence of the crew of trains.

In *Railroad* v. *DeArmond*, supra, it was held that the conductor of a freight train and a telegraph operator were not fellow servants, and that the former had a right to recover from the common employer damages sustained by reason of the negligence of the latter, the court saying: "It is well settled, whatever may be the rule in other States, that one servant does not assume the risk of the negligence of another servant, where the latter is engaged in a different department of work or service. As, for instance, the train crew do not take the risk of the negligence of the track or section hands."

In the case of *Taylor* v. *Railroad Co.*, 93 Tenn., 306, it was held that a car inspector was not the fellow servant of an engineer operating a switch engine, but that they were engaged in different and distinct departments of the company's service.

In the case of *Railroad* v. *Jackson*, 106 Tenn., 445, it was held that a conductor and a station agent were not fellow servants. It is here said: "We are of the opinion

that the conductor and station agent cannot be considered fellow servants. Their departments are entirely distinct and separate. The duty of one, the conductor, pertains to the physical moving of trains, and in this case, also, the coupling and the uncoupling of cars when necessary. The station agent's duties did not extend to this, but only to the care of the station buildings and grounds and the transmission to the conductor of such orders as might be sent over the wires for the movement of trains. While in a certain sense both were concerned in the moving of trains, the duty of one was confined to the physical exertion and personal oversight necessary to move the train, while the other's duties pertained alone to the transmission of any orders or directions that may have been intended for the guidance of the conductor; but the agent was not to execute such orders or aid in executing them. ·But in transmitting these orders he was really acting as telegraph operator, and this court has held that such operator is not a fellow servant with the conductor."

The case of *Freeman* v. *Railroad Co.*, 107 Tenn., 346, is very much in point. The plaintiff, a member of a bridge crew whose duty it was to go up and down the road (of course upon the trains of the railroad company) and repair bridges and trestles, was injured through the negligence of the conductor and engineer operating a train of the defendant, and it was held that the doctrine of fellow servant did not apply, and that he could recover from the railroad company. This court

said: "We think the deceased was not a fellow servant with the conductor and engineer of the train. They were in separate and independent departments. They had no connection with each other in their work and duties. *Railroad Co.* v. *Carroll,* 6 Heisk., 347; *Railroad Co.* v. *DeArmond,* 2 Pick., 73. It has been held that a car inspector is not a fellow servant with the crew of a switch engine in the same yard, although it was his duty to inspect the cars pulled around and about by the engine, and have cars placed for repairs. *Taylor* v. *Railroad Co.,* 9 Pick., 307. The bridge crew had nothing to do with the operation of the trains. The train men had nothing to do with the bridge crew. Their duties and labors were entirely distinct and separate."

This case is almost identical in its facts with the one under consideration. William Stuber was in no way connected with the operation of the trains of the defendant company. He was not associated with the numerous engineers in control of their locomotives, and had no opportunities of judging of their skill, care, and caution, and it is not to be presumed that he assumed the risk of their negligence or incompetency. His duties as foreman of the water supply of that division of the company's road, related to the physical condition of its water tanks located along its line, and, in order to inspect and direct repairs upon them, it was necessary for him to travel upon its trains and he was authorized to do so upon them all, whether passenger, freight, or detached engines, but he had nothing to do with the

operation of the trains and engines. The duties of his department did not require him to have any knowledge of the conduct of trains or the qualification, skill and care required in their proper and safe operation. It is clear, we think, that he was employed in a different department from that of the engineer, and under the well-settled rule of this State, he did not assume the risk of the negligence and want of care and skill of the engineer whose wrongful act caused his death, and that the defendant is liable for the damages sustained by him.

The result is that the judgment of the judge of the circuit court is reversed, and, proceeding to assess the damages which plaintiff is entitled to recover, we find that William Stuber, when injured, was 56 years of age, sober and industrious, with steady employment, and earning $75 per month. That he suffered great physical and mental pain from his injuries for more than two years previous to his death, and was not guilty of any contributory negligence. These facts entitle the plaintiff to recover the full amount sued for, $1,999.99, and a judgment for the same will be entered.