Elizabeth M. BANAKUS, as Administratrix of the Estate of Anthony J. Banakus, Deceased; Daniel Donnelly, as Administrator C.T.A. of the Estate of William J. Garin, Deceased; and Yachim G. Holochuck, Plaintiffs,

v.

UNITED AIRCRAFT CORPORATION, Defendant.

No. 68 Civ. 41.

United States District Court
S. D. New York.

Sept. 23, 1968.

Kreindler & Kreindler, New York City, for plaintiffs.

Mendes & Mount, New York City, for defendant.

MANSFIELD, District Judge.

In this diversity suit for personal injuries arising out of an airplane crash which occurred in January 1966 in Pennsylvania, suit was commenced on January 4, 1968, on behalf of Yachim G. Holochuck, a Massachusetts resident, claiming damages for personal injuries suffered as a result of defendant's alleged negligence and breach of warranty. On the day when the action was commenced Holochuck, unbeknownst to his counsel, died. On May 16, 1968 his counsel moved, pursuant to Rule 15, F.R.Civ.P., for amendment of the complaint to claim wrongful death and conscious pain and suffering as a result of the crash and on July 2, 1968, Stella Holochuck, administratrix of his estate, moved pursuant to Rule 25(a), F.R.Civ.P., for substitution as plaintiff in place of the deceased. Defendant opposed these motions and cross-moved pursuant to Rule 56 for summary judgment on the ground that since Holochuck had predeceased the filing of the complaint on his behalf for personal injuries, no valid action had been commenced.

Since the papers presented an issue which would normally be within the knowledge of plaintiff's counsel and the administratrix, see Subin v. Goldsmith, 224 F.2d 753 at 760 (2d Cir. 1955), per-

**260**

mission was given pursuant to Rule 56(f) to furnish affidavits as to the precise time of Holochuck's death and the filing of the complaint purportedly for personal injuries. The proof furnished accordingly by the parties establishes that Holochuck died prior to the commencement of the suit on his behalf for personal injuries. His wife, administratrix of his estate, who was with him at the time of his death, states that he died at approximately 12:15 P.M. on January 4, 1968. The complaint was not filed until sometime in the afternoon of January 4, after 12:50 P.M. when an action immediately preceding the suit on his behalf was instituted in this Court.

Since Holochuck was dead when the action for personal injuries was commenced, that action must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint. An action cannot be brought by a deceased. 2 Barron & Holtzoff, Federal Practice and Procedure (1961 ed.), p. 27; Banks v. Employers' Liability Assur. Corporation, 4 F.R.D. 179 (W.D.Mo.1944); MacAffer v. Boston & Maine Railroad, 268 N.Y. 400, 197 N.E. 328 (1935). The action being void at its inception, there were no claims capable of amendment. Nor can the suit, which was for personal injuries, be treated as if it had been instituted validly on behalf of the deceased for conscious pain and suffering and wrongful death. Under Rule 17(b) the capacity of an individual to sue is determined by the law of his domicile, in this case Massachusetts, which does not permit an action to be brought in the name of a decedent. Brooks v. Boston & N. St. Ry. Co., 211 Mass. 277, 97 N.E. 760 (1912).

Accordingly, the motions to amend the complaint and substitute Holochuck's administratrix as plaintiff must be denied and defendant's motion for summary judgment granted without prejudice to the administratrix' right, pursuant to Rule 17(a), to institute a wrongful death action, which would in all probability be consolidated with the actions instituted on behalf of the other victims of the airplane crash.

So ordered.