**Buddy J. ADELSBERGER,
et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 01–314C.**

United States Court of Federal Claims.

Dec. 2, 2003.

Alan Banov, Washington, D.C., for plaintiffs.

Domenique Kirchner, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, for the United States. With her on briefs were Peter D. Keisler, Assistant Attorney General, Robert D. McCallum, Assistant Attorney General, David M. Cohen, Director, Kathryn A. Bleecker, Assistant Director, Robin Suzanne Courtney, Attorney, Bureau of Prisons, of counsel.

## OPINION

BRUGGINK, Judge.

This is an action for overtime pay brought by over 100 employees of the Bureau of Prisons under the overtime provisions of the Federal Equal Pay Act of 1945, as amended, 5 U.S.C. §§ 5542, 5544, 5546, and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § § 201–216. Defendant filed a motion pursuant to RCFC 12(b)(1) to dismiss one of the plaintiffs, Donald A. Stiles, for lack of jurisdiction. Defendant contends that Mr. Stiles, having died prior to the commencement of this action, is not a legal entity, therefore, the court lacks subject matter jurisdiction. In the court's view the motion should have been brought under RCFC 12(b)(6), because the court's subject matter jurisdiction is not in question. Because both parties presented material outside the scope of the pleadings, the court notified the parties that it would treat the motion as one for summary judgment under RCFC 56. The parties accordingly were given the opportunity to file supplemental briefing, documentary material, and proposed findings of facts. Defendant supplemented with a verification of death form, Office of Personnel Management form 50–B "notice of personnel action/retirement," and proposed findings of uncontroverted fact.[1] Plaintiffs oppose the motion for summary judgment, or, in the alternative, seek leave under RCFC 15(a) to submit a motion to amend the complaint to substitute the estate of the deceased as plaintiff.

---

1. The only additional material submitted by plaintiffs are Linda L. Morris–Stiles' consent to representation form and the Certificate of Death for Donald A. Stiles. The balance of the facts are drawn from the complaint and materials attached to the original briefing. No material facts are in dispute.

## BACKGROUND

Mr. Stiles died on December 1, 2000. The complaint was filed on May 23, 2001. Plaintiffs contend that including Mr. Stiles in the action was appropriate because on November 20, 2000 he had completed and signed under oath a consent form for representation by Alan Banov and Associates, plaintiffs' counsel. The consent form was attached to the complaint. Subsequent to plaintiff's death, co-workers of Mr. Stiles completed back pay questionnaires attesting to his overtime claims. The information contained in the questionnaires was submitted to defense counsel prior to suit. On August 8, 2003, plaintiff's widow, Ms. Linda Morris–Stiles, executed another consent form for representation by Alan Banov and Associates in this case. Ms. Morris–Stiles has apparently not been named, or at least has not yet been named, as personal representative of Mr. Stiles.

Defendant avers that Mr. Stiles' claim should be dismissed for any of three reasons: because we do not have before us a legally existent plaintiff, because the deceased lacks capacity to bring suit, and because there was no dispute or controversy between the named plaintiff and defendant at the time the complaint was filed.

Plaintiffs contend that the claim for back pay was not extinguished by Mr. Stiles' death prior to the filing of this action and that the action could be maintained in his name even after death. Alternatively, plaintiffs request leave of court to substitute the estate of the deceased as a proper party in this case, or in the alternative, to amend and add as a party the estate of the deceased.

## DISCUSSION

■ The question presented is whether an action can be initiated in the name of a deceased person. We think the answer is plainly, "no." As defendant points out a party must have a legal existence as a prerequisite to having the capacity to sue or be

sued.[2] *Roby v. The Corp. of Lloyd's,* 796 F.Supp. 103 (S.D.N.Y.1992); *see also Brown v. Fifth Judicial District Drug Task Force,* 255 F.3d 475 (8th Cir.2001); *Youell v. Grimes,* 203 F.R.D. 503, 509 (D.Kan.2001). This requirement is indirectly recognized in RCFC 9(a), which provides in part that "[w]hen a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued... [he] shall do so by specific negative averment..."

■ Mr. Stiles died before the complaint was filed. A person who dies prior to filing suit is not a legal entity. *See Mizukami v. Buras,* 419 F.2d 1319 (5th Cir.1969) (defendant's death extinguishes claim); *Banakus v. United Aircraft Corp.,* 290 F.Supp. 259 (S.D.N.Y.1968) (suit is a nullity where plaintiff, unbeknownst to counsel, died prior to filing of suit); *Moul v. Pace,* 261 F.Supp. 616 (D.Md.1966) (wrongful death suit brought after defendant died dismissed); *Chorney v. Callahan,* 135 F.Supp. 35 (D.Mass.1955) (purported action a nullity because a dead man cannot be named defendant in an action); *Pasos v. Eastern S.S. Co.,* 9 F.R.D. 279 (D.Del.1949) (person who dies prior to filling suit is not a legal entity).

Plaintiffs argue that dismissal would be improper because the cause of action was not extinguished by death. The existence of a cause of action, however, assumes a legal entity with a right to assert it. If some legal entity inherited the right to assert Mr. Stiles' claim, that person or entity is not before us. Because a deceased individual is not a proper party the action presently before this court is a nullity. *Banakus,* 290 F.Supp. 259. The action, in short, cannot be brought in the name of Mr. Stiles.

■ As an alternative, plaintiffs request leave to substitute the estate of Mr. Stiles as a party, relying on RCFC 25(a)(1), which allows substitution for a deceased party. ("If a party dies and the claim is not thereby extinguished, the court may order substitu-

---

**2.** Plaintiffs contend that under RCFC 17 the capacity to sue or be sued is governed by the law of Kansas, the last domicile of the deceased. Defendant counters that the dead have no domicile and therefore Kansas law is irrelevant. Because

the court finds that the result would be identical under Kansas law, we do not have to reach the issue. *See Moore v. Luther,* 29 Kan.App.2d 1004, 35 P.3d 277, 281 (2001).

tion of the proper parties...."). The rule, however, clearly contemplates that the party to be substituted has died subsequent to the commencement of the lawsuit. *Mizukami,* 419 F.2d 1319; *Banakus,* 290 F.Supp. at 260; *Chorney,* 135 F.Supp. 35 (complaint dismissed as a nullity because substitution of administrator ineffectual when defendant died before suit was filed); MOORE'S FEDERAL PRACTICE § 25.10, at 25–9 (2000); 7C WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE Civil 2d § 1951, at 522 (1986); *see also Hanberry v. United States,* 204 Ct.Cl. 811, 1974 WL 5597 (1974). Mr. Stiles died prior to the filing of the action and thus substitution is inappropriate.

As a final alternative, plaintiffs seek leave under RCFC 15(a) to amend the complaint and add Ms. Morris–Stiles, widow of the deceased, as party plaintiff. However, under RCFC 17, the right to sue in a representative capacity is determined by the law of the applicable state, in this case Kansas. Under Kansas law, Ms. Morris–Stiles must have the legal right to sue in a representative capacity on behalf of her husband's estate; her status as a widow is insufficient. *Howe v. Mohl,* 168 Kan. 445, 214 P.2d 298, 301 (1950) (upon death of plaintiff, action survived to personal representative not heirs); *see also Cory v. Troth,* 170 Kan. 50, 223 P.2d 1008, 1010 (1950) (action for fraud or breach of contract can only be maintained by deceased's personal representative, not his heirs). An action can be revived by heirs or devisees of a deceased plaintiff only when the right has passed to them and they could bring the action anew. *Howe,* 214 P.2d, at 301. All other actions that survive death must be brought by a personal representative. *Id.* Nothing in the pleadings before the court allows us to conclude that Ms. Morris–Stiles has been appointed personal representative for the deceased. Amendment, in short, would not accomplish the intended result.

## CONCLUSION

The claim of Donald A. Stiles is not properly before the court. Consequently, for good cause shown, and because no just reason for delay exists, the Clerk is directed to enter judgment pursuant to RCFC 54(b) dismissing plaintiff, Donald A. Stiles. The balance of the action is unaffected.[3]

---

**3.** The dismissal, although with prejudice to the present "Stiles" claim, would not preclude a new action by the personal representative, assuming the claim survives, and assuming proof of appointment.