IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
FEBRUARY 19, 2009 Session

## SAM McCORMICK v. ILLINOIS CENTRAL RAILROAD COMPANY

**Interlocutory Appeal from the Circuit Court for Shelby County**
**No. CT-002977-06     John R. McCarroll, Judge**

_____

**No. W2008-00902-COA-R9-CV - Filed May 19, 2009**

_____

In this interlocutory appeal, we are asked to determine whether the trial court erred in allowing the executor of the plaintiff's estate to be substituted as the party plaintiff where the party plaintiff died before suit was filed in his individual capacity.  We are also asked to determine whether the defendant waived the issue of plaintiff's capacity by first raising the issue in a post-answer motion to dismiss.  We find that a suit brought in the name of a deceased person amounts to a nullity, and thus, is not amenable to substitution.  We further find that an objection based on the fact that the plaintiff was deceased when the complaint was filed can be made at any time during the proceedings, in any appropriate manner, and such objection stops the cause at whatever stage it may be, whenever made known to the court.

**Tenn. R. App. P. 9; Interlocutory Appeal; Judgment of the Circuit Court Reversed; Case
Dismissed**

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Thomas R. Peters, Michael C. Hermann, Bellevue, IL; M. Beth Rainwater, Memphis, TN, for Appellant

R. Christopher Gilreath, Memphis, TN, for Appellee

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Sam McCormick was diagnosed with lung disease on June 14, 2003. At some time subsequent to his diagnosis, but prior to September 1, 2005, Mr. McCormick joined a multi-plaintiff lawsuit against his former employer Illinois Central Railroad Company ("Railroad") in Mississippi, pursuant to the Federal Employers' Liability Act ("FELA"), for asbestos exposure. Mr. McCormick died on September 1, 2005. He, along with many of the other plaintiffs, was voluntarily dismissed as a plaintiff in the Mississippi suit in November of 2005.

On June 8, 2006, "Mr. McCormick"[1] filed a Complaint against Railroad in the Shelby County, Tennessee, Circuit Court, again alleging a cause of action pursuant to the FELA for asbestos exposure. The Complaint listed Mr. McCormick, in his individual capacity, as the only party plaintiff.[2] Railroad filed an Answer and served discovery requests upon Mr. McCormick on or about August 1, 2006. On February 20, 2007, Railroad filed a Motion to Dismiss for Failure to Respond to Discovery, claiming that "[t]o date, Plaintiff has failed to respond to [Railroad's] discovery requests despite [Railroad's] generous extension of time and courteous reminder to do so."

On March 21, 2007, "Mr. McCormick" filed a Suggestion of Death, suggesting upon the record that "Sam McCormick died on September 1, 2005." "Mr. McCormick" simultaneously filed a motion to substitute Ann P. McCormick, Mr. McCormick's wife, as the party plaintiff, stating that she was "duly qualified to serve" having been "named as the executor of [Mr. McCormick's estate.]"[3] Railroad claims that it was unaware of Mr. McCormick's death until March 21, 2007.

Railroad filed a Motion to Dismiss on April 9, 2007, claiming that Mr. McCormick lacked the capacity to sue Railroad because only a living employee or the executor or administrator of a deceased employee's estate may maintain an action under the FELA. On May 11, 2007, following a hearing, the trial court denied Railroad's motion to dismiss and allowed Ann McCormick to be substituted as the plaintiff. Before the order granting substitution was entered, Railroad filed a "Motion to Reconsider," citing Tennessee Rule of Civil Procedure 60, arguing that Ann McCormick had failed to prove that she was the executor of Mr. McCormick's estate, and citing cases dismissing actions filed by deceased plaintiffs. "Mr. McCormick" responded by contending Railroad "waived its claim to lack of capacity because it never raised it in the answer."

---

[1] It is unclear who filed the Complaint in Mr. McCormick's name.

[2] We note that although "Sam McCormick" is listed as the Complaint's only plaintiff, paragraph five of the Complaint states that "Terry Jeanes" was employed by Railroad. Finding no other mention of "Terry Jeanes," we presume his mention was a typographical error.

[3] Ann McCormick could not simply bring a new claim as executor of Mr. McCormick's estate, as the three-year statute of limitations under the FELA had passed. *See* **45 U.S.C.A. §§ 56, 59**.

Following a June 29, 2007 hearing on Railroad's Motion to Reconsider, the trial court allowed "Mr. McCormick" ten days in which to substitute the proper party plaintiff. Because "Mr. McCormick" failed to substitute a proper party plaintiff within ten days, the trial court entered an Order of Dismissal on July 24, 2007, dismissing "Mr. McCormick's" claim with prejudice.

Rather than appealing the final order of dismissal, "Mr. McCormick," on August 31, 2007, filed a "Motion to Reconsider" citing Tennessee Rule of Civil Procedure 60.02, claiming that timely compliance with the court's substitution order was impossible. Railroad opposed the motion, arguing again that substitution was improper, as a suit filed by a deceased plaintiff is a nullity, and furthermore, that "Mr. McCormick" had not presented facts warranting Rule 60.02's exceptional relief. Following a hearing on January 18, 2008, the trial court entered an Order on February 19, 2008, granting "Mr. McCormick's" motions to reconsider pursuant to Tennessee Rule of Civil Procedure 60.02(5) and for substitution of Ann McCormick, and vacating its prior Order of Dismissal entered July 24, 2007.

On March 13, 2008, Railroad filed a Request for Appeal by Permission, requesting to appeal the trial court's order allowing substitution by Ann McCormick, as well as the trial court's granting of "Mr. McCormick's" Rule 60.02 "Motion to Reconsider." The trial court granted Railroad's request for interlocutory appeal on April 22, 2008. On August 29, 2008, this Court granted Railroad's Rule 9 Application for Interlocutory Appeal.

## II.  ISSUES PRESENTED

Appellant's Request for Appeal by Permission raises the following issues:

1.      Whether the trial court erred in allowing substitution by Ann McCormick; and
2.      Whether the trial court erred in granting Plaintiff's Rule 60.02 Motion to Reconsider.

Additionally, Appellee presents the following issue for review:[4]

1.      Whether Appellant waived its defense of capacity by failing to specifically allege the defense in its Answer.

---

[4] We note that in interlocutory appeals, the only issues which may "be raised are those certified in the trial court's order granting permission to seek an interlocutory appeal and in the appellate court's order granting the interlocutory appeal." *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000) (citations omitted). In the instant case, neither the trial court's order granting permission to seek an appeal, nor this Court's order granting such an appeal, specifically delineated the issues that would be addressed on appeal. In his brief to this Court, "Mr. McCormick" argued that Railroad had waived its defense of capacity by failing to raise such in its Answer. Railroad did not object to this issue being raised, and it filed a Reply Brief addressing such issue. Therefore, we have determined that it is appropriate for this Court to address the issue of whether Railroad waived the defense of capacity. *See Heatherly*, 43 S.W.3d at 914.

For the following reasons, we reverse the circuit court's order allowing substitution by Ann McCormick and dismiss the case.

## III. STANDARD OF REVIEW

We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)). "This same standard of review is applicable to issues which are raised in a discretionary appeal pursuant to either Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure." ***State v. Strode***, 232 S.W.3d 1, 8 (Tenn. 2007). "'Issues raised by an interlocutory or extraordinary appeal, after permission to appeal has been granted, are decided in the same manner as if the issues had been raised in an appeal as of right.'" ***Id.*** (quoting *State v. Moore*, 775 S.W.2d 372, 374 (Tenn. Crim. App. 1989)).

We review trial court decisions concerning Tennessee Rule of Civil Procedure 60.02 under an abuse of discretion standard. ***Ferguson v. Brown***, No. M2007-02590-COA-R3-CV, 2008 WL 4657827, at *4 (Tenn. Ct. App. Oct. 21, 2008) (citing *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997)). Under this standard, we do not substitute our judgment for that of the trial court. ***Id.*** (citing *Henry*, 104 S.W.3d at 479; *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). We find that the trial court has abused its discretion only when it has "'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" ***Id.*** (quoting *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002)).

## IV. DISCUSSION

### A. Substitution

In this interlocutory appeal, Railroad argues that the trial court abused its discretion by allowing Ann McCormick to be substituted as the party plaintiff. Railroad contends that "a deceased individual does not have the requisite capacity to sue[,]" and thus "Mr. McCormick's" action is "a nullity subject to dismissal." Railroad asserts that only a living employee or a deceased employee's personal representative can maintain an action under the FELA.

Railroad states that it "is unaware of any reported Tennessee cases directly on point[,]" but it maintains that "numerous courts addressing the same issue presented by this appeal have consistently held than an action filed by a deceased individual is a nullity subject to dismissal." **(Appellant's Br10,13)**. First, Railroad cites *Illinois Central Railroad Co. v. Broussard*, ---So.2d----, 2008 WL 4405166 (Miss. Ct. App. Sept. 30, 2008) (en banc) (plurality opinion), with facts nearly identical to the instant case. In *Broussard*, Mr. Broussard first filed suit against Illinois Central in 20003, in Hinds County, Mississippi, as a plaintiff in the same multi-plaintiff case as Mr. McCormick. *Id.* at *1. Mr. Broussard died on August 3, 2004, and in 2005, ninety-five of the named

-4-

plaintiffs, including Mr. Broussard, were dismissed without prejudice. *Id.* Subsequently, in 2006, a complaint was filed on behalf by "Mr. Broussard" in Warren County, Mississippi, for personal injuries sustained as a result of asbestos exposure while he was employed by Illinois Central. *Id.* at *1. Illinois Central initially filed an answer to "Mr. Broussard's" complaint, but after learning that Mr. Broussard was deceased at the time the Warren County complaint was filed, Illinois Central filed a motion to dismiss and a motion for attorney fees and expenses. *Id.* The trial court granted Illinois Central's motion to dismiss, but denied its request for attorney fees. The Mississippi Court of Appeals affirmed the dismissal stating:

> We agree that Illinois Central had a complete defense from the moment this lawsuit was filed. The longstanding rule in Mississippi is that the commencement of a suit in the name of a deceased individual amounts to a nullity. *Humphreys v. Irvine*, 14 Miss. 205, 207 (1846). An objection based on the fact that the plaintiff was deceased when the complaint was filed can be made at any time during the proceedings, and such objection "stops the cause at whatever stage it may be, whenever made known to the court." *Id.* This rule created a complete defense for Illinois Central and was the basis of the circuit court's dismissal of the case.

*Id.* at *3. Furthermore, the court found that because Illinois Central had a complete defense to "Mr. Broussard's" claim, the claim was frivolous, and warranted an award of attorney fees. *Id.* at 3.

Railroad also cites *Campbell v. Travelers Insurance*, Civil Action No. 06-9068, 2008 WL 145048 (E.D. La. Jan. 14, 2008). In *Campbell*, the plaintiff homeowners sued their insurance company for failing to timely pay their claim for extensive damage to their home caused by Hurricane Katrina. *Id.* at *1. However, the insurance company subsequently learned that both plaintiffs were deceased when the complaint was filed. *Id.* The United States District Court for the Eastern District of Louisiana found that "[t]he deceased plaintiffs [were] not proper party plaintiffs[,]" as "Louisiana law does not allow suits by or against the deceased." *Id.* (citing *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cl. 2003); *Magee v. Stacey*, 223 So.2d 194, 195 (La. Ct. App. 1969)). The court further found that substitution by a representative of the plaintiffs' heirs was improper, as Federal Rule of Civil Procedure 25 allows substitution of a deceased party only when the deceased was properly made a party before his or her death, and that such rule "is inapplicable when the deceased party predeceased the initiation of the litigation." *Id.*

*Adelsperger v. United States*, 58 Fed. Cl. 616 (Fed. Cl. 2003), is also cited by Railroad as support for its contention that a deceased person may not sue in his or her individual capacity. In *Adelsperger*, over 100 employees of the Bureau of Prisons brought suit seeking overtime pay. *Id.* at 617. The defendant filed a motion to dismiss one of the plaintiffs, claiming that he died prior to the commencement of the lawsuit. *Id.* The court dismissed the plaintiff, stating that "a party must have a legal existence as a prerequisite to having the capacity to sue or be sued." Because the

plaintiff died prior to commencement of the suit, the court likewise denied the request to substitute the plaintiff's estate as the plaintiff. *Id.* at 618-19 (citations omitted).[5]

Additionally, Railroad cites *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968), and *Levering v. Riverside Methodist Hospital*, 441 N.E.2d 290, 290 (Ohio Ct. App. 1981), wherein again the courts found that suits brought by deceased persons were "nullities." In *Banakus*, the plaintiff coincidentally died in an airplane crash less than one hour before his attorney filed his complaint in a personal injury suit. The court stated that because the plaintiff "was dead when the action for personal injuries was commenced, that action must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint." 290 F. Supp. at 260. In *Leverin*, the Ohio Court of Appeals stated that Ohio Rule of Civil Procedure 25, which allows "'[s]ubstitution of parties[]'" "'if a party dies[,]'" *Id.* at 292 (quoting Ohio R. Civ. P. 25), did not apply where "there was no party plaintiff from the inception[.]" *Id.*

Finally, Railroad briefly cites various cases from other jurisdictions wherein the courts have dismissed cases filed by deceased plaintiffs and refused to allow substitution. ***See, e.g., Chorney v. Callahan***, 135 F. Supp. 35, 36 (D. Mass. 1955) (deeming substitution ineffective where complaint was filed after defendant died, reasoning that there was no action in which new defendant could be substituted); ***Pasos v. E. S.S. Co.***, 9 F.R.D. 279, 280-82 (D. Del. 1949) (dismissing action where suit was filed after the plaintiff's death and the defendant filed his answer without knowledge of such death); ***Banks v. Employers' Liab. Assurance Corp.***, 4 F.R.D. 179, 180 (W.D. Mo. 1944) (finding that substitution of the deceased plaintiff by the deceased plaintiff's estate was improper as substitution did not occur until after the filing of the "void suit"); ***Matthews v. Cleveland***, 284 S.E.2d 634, 636 (Ga. Ct. App. 1981) (finding that affidavit of garnishment filed by deceased plaintiff was not an action, but a nullity, and because no action was commenced, substitution was improper); ***Reed v. Long***, 259 N.E.2d 411, 412 (Ill. App. Ct. 1970) (holding that "[a] dead person cannot be a party to a suit as such is a non-existent entity and the proceedings were void Ab initio"); ***Brickley v. Neuling***, 41 N.W.2d 284, 285 (Wisc. 1950) (finding that the court did not have jurisdiction over a suit filed against a deceased defendant, stating that "[i]t is elementary that one deceased cannot be a party to an action. More accurately, it is fantastic to suggest that he can be").

On appeal, "Mr. McCormick" argues that substitution was proper, pursuant to Tennessee Rule of Civil Procedure 25.01(1) which provides, in part, that "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." "Mr. McCormick" concedes that his motion for substitution was not made within ninety days of the suggestion of Mr. McCormick's death upon the record, as required by Rule 25.01(1); however, he cites an opinion from the middle section of this Court allowing substitution beyond the ninety day window when

---

[5] The court also denied a request to substitute the plaintiff's wife as the plaintiff, noting that her status as widow was insufficient and she had not qualified as the plaintiff's personal representative. *Id.* at 619.

delay was a result of excusable neglect. ***See Wagner v. Frazier***, 712 S.W.2d 109, 113 (Tenn. Ct. App. 1986).

"Mr. McCormick" also cites Tennessee Code Annotated section 20-5-102 which provides:

> No civil action commenced, whether founded on wrongs or contract, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party, but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting the character, be abated by the death of the party wronged; but the right of action shall pass in like manner as the right of action described in § 2-5-106.

"Mr. McCormick" argues that "[b]ecause Tennessee law provides that the cause of action of a deceased person does not abate, Appellee's case is not a nullity."

"Mr. McCormick" further cites Tennessee Code Annotated section 28-1-105, the "savings statute," which provides in part:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Based on the savings statute, "Mr. McCormick" argues that "any defect as to the name of the Plaintiff is [a] formality, rather than substance."

"Mr. McCormick" also relies on ***Stuber v. Louisville & N. R. Co.***, 113 Tenn. 305, 87 S.W.411 (1905) to support his contention that substitution was proper. In *Stuber*, the plaintiff was injured on September 19, 1898, and brought suit against the defendant on May 10, 1899. ***Id.*** at 411. Thereafter a judgment was rendered in favor of the plaintiff, but was later reversed and remanded for a new trial. ***Id.*** Subsequently, the plaintiff died on March 2, 1902, and his death was suggested upon the record in April 1902. ***Id.*** Apparently due to the plaintiff's death, the trial court dismissed the plaintiff's claim on November 5, 1902. The following February, the plaintiff's widow brought suit challenging the dismissal of the plaintiff's claim. ***Id.*** at 412. Our Supreme Court held that the plaintiff's widow could bring properly preserve the plaintiff's right of action:

These statutes [concerning survival of actions] have been frequently construed by this court, and their purpose, meaning, and effect are well settled, and not open for discussion. They do not create a new cause of action in favor of the widow, children, or next of kin of a decedent whose death is caused by the wrongful act of another. They merely alter the rule of the common law under which rights of action of this character, and suits brought thereon, abated upon the death of the injured party, so as to keep alive and preserve the right of action of the deceased for the benefit of his widow, children, or next of kin, and to authorize suit thereon to be brought to recover the damages sustained, in the name of the personal representative of the deceased, or that of the widow or children, and, *where suit has been commenced by the decedent while yet in life*, to allow it to be prosecuted to judgment for the same purpose.

*Id.* at 413. (emphasis added).

Curiously, "Mr. McCormick" also cites *Norment v. Smith*, 20 Tenn. 46 (1839). In *Norment*, a suit was filed against the defendant, Samuel Smith, in a dispute over the ownership of a slave. When Samuel Smith died in September of 1835, the suit had not yet been settled. In October of 1835, Samuel Smith's death was suggested upon the record, and in April of 1836, the action was declared to have abated. Upon Samuel Smith's death, Thomas Smith came into possession of the slave as the executor of Samuel Smith's estate. Thereafter, the plaintiff sued Thomas Smith to recover the slave. The Court held that Thomas Smith was personally guilty of an unlawful detainer and thus could be sued by the plaintiff.

On appeal, "Mr. McCormick" states that "[a]lmost as long as Tennessee has been a state, it has maintained that actions *brought by a person who later dies* may be maintained by successors and do not abate." (emphasis added). We agree. However, this is not such a case. In the instant case, suit was not filed against Railroad until after Mr. McCormick's death. We are persuaded by the numerous decisions from other jurisdictions cited by Railroad, that because Mr. McCormick was deceased when the complaint was filed on his behalf, the suit was a nullity, and thus not amenable to substitution. We note that the authorities offered by "Mr. McCormick" do not create a contrary result. Instead, the statutes allowing substitution presuppose an action commenced by a decedent prior to his or her death. Likewise, in *Stuber*, which "Mr. McCormick" cited in support of his argument, the Court allowed the plaintiff's widow to be substituted for the deceased plaintiff; however, the plaintiff, himself, initiated the suit prior to his death. 87 S.W.at 413. The Court explicitly stated that substitution was allowed "where suit [w]as . . . commenced by the decedent while yet in life." *Id.* Finally, we find *Norment* inapplicable to the instant case, as the Court allowed a suit against a second defendant based on actions of the second defendant, himself, rather than through a substitution theory. 20 Tenn. 46. We hold that under Tennessee law, the commencement of a suit in the name of a deceased individual amounts to a nullity, and that such nullity may not be avoided through substitution of parties.

### *B. Waiver*

Tennessee Rule of Civil Procedure 12.02 states, in part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleaders be made by motion in writing: . . . (8) specific negative averments made pursuant to Rule 9.01. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.[6]

**Tenn. R. Civ. P. 12.02 (2008)**. Tennessee Rule of Civil Procedure 9.01, concerning capacity, provides, in part:

> When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or to be sued in a representative capacity, he or she shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

**Tenn. R. Civ. P. 9.01 (2008)**.

"Mr. McCormick" argues that Railroad waived the defense of incapacity by raising the issue of Mr. McCormick's capacity in a post-answer Rule 12 motion, rather than in its answer, a pre-answer motion, or an amended answer. We note that Illinois Central's motion to dismiss clearly moved the court "to enter an order dismissing Plaintiff's action with prejudice for the reason that *Plaintiff does not have the capacity to sue*." **(emphasis added)**. Therefore, we find that Illinois Central satisfactorily made a "specific negative averment" of Mr. McCormick's capacity to sue, and we are left to determine whether the timing of Railroad's motion constitutes a waiver.

---

[6] "It is noteworthy that the advisory commission's comments to Rule 12.02 was amended in 1993 to delete the observation that the rule retained the principle that the defenses by motion must be made before pleading." *Spencer v. Spencer*, No. CA 03A01-9502-CH-00054, 1995 WL 422653, at *8, n.2 (Tenn. Ct. App. July 19, 1995) (dissenting), as *modified on reh'g*, Aug. 30, 1995.

As we stated above, Tennessee Rule of Civil Procedure 12.02 allows a party to raise incapacity as a defense either in its answer or in a pre-answer motion. Furthermore, Rule 12.08 provides that "[a] party waives all defenses . . which the party does not present either by motion as hereinabove provided, or, if the party has made no motion, in the party's answer or reply, or any amendments thereto[.]" **Tenn. R. Civ. P. 12.08 (2008)**; *see also Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *4 (Tenn. Ct. App. Nov. 13, 2008) (finding husband waived the defense of personal jurisdiction by failing to raise it in his answer); *George v. Alexander Auto., LLC,* No. M2006-02655-COA-R3-CV, 2007 WL 2726373 (Tenn. Ct. App. Sept. 19, 2007) (perm. app. denied Jan. 28, 2008) ("Tennessee case law is replete with cases dismissed in the trial court based on the statute of limitations raised in a Rule 12.02 motion to dismiss.") (citation omitted); *Faulks v. Crowder*, 99 S.W.3d 116, 126 (Tenn. Ct. App. 2002) (finding that the defendant physician waived the defense of insufficient service of process and return of service, where the defendant raised the issue for the first time in a motion to dismiss two years after service was issued, and after the defendant filed his answer). Additionally, incapacity may be raised in an amended answer. In *Kemmons Wilson, Inc. v. Allied Bank of Texas*, 836 S.W.2d 104, 106-08 (Tenn. Ct. App. 1992), this Court upheld a trial court's order granting the defendant's motion to amend its answer on the first day of trial, to allege the defense of incapacity of the plaintiffs, more than three years after the defendant filed its initial answer.

We find that Railroad did not waive the defense of capacity by raising the issue in its post-answer motion to dismiss, rather than in its answer, a pre-answer motion, or an amended answer. Mr. McCormick died on September 1, 2005. However, on June 8, 2006, a complaint was brought in his name, alone, and it stated that he "is a citizen and resident of Hernando, Mississippi." The Complaint, in no way, put Railroad on notice that Mr. McCormick was deceased. In fact, even "Mr. McCormick's" counsel claims that he did not learn of Mr. McCormick's death until some time near March 21, 2007. Thus, when Railroad filed its Answer on August 1, 2006, it could not have challenged "Mr. McCormick's" capacity to bring suit.

On March 21, 2007, "Mr. McCormick" filed a suggestion of death upon the record. Such suggestion was filed over a year and a half after Mr. McCormick's death, and over nine months after "Mr. McCormick's" complaint was filed. We find it inequitable to require Railroad to raise, either in its answer or a pre-answer motion, this defense which, based upon the plaintiff's misrepresentation–either intentional or negligent–could not have been known to Railroad at the time its answer or pre-answer motion was required. Additionally, we find that such defense is not waived merely because Railroad filed a motion to dismiss rather than an amended answer. Instead, we find that an objection based on the fact that the plaintiff was deceased when the complaint was filed can be raised at any time during the proceedings, in any appropriate manner, and such objection "'stops the cause at whatever stage it may be, whenever made known to the court.'" ***Illinois Cent. R.R.***, 2008 WL 4405166, at *3 (quoting *Humphreys*, 14 Miss. at 207).

## V.   CONCLUSION

For the aforementioned reasons, we reverse the decision of the circuit court and dismiss the case.  All remaining issues not addressed are pretermitted.  Pursuant to T.R.A.P. 40(a), costs of this appeal are taxed to Appellant Railroad, and its surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.