Filed 04/16/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-01781

---

HUMAN RIGHTS COMMISSION v. Homer Durkee

---

## Entry regarding the Human Rights Commission's Motion to Substitute and Motion to Strike and Remaining Pending Motions

The Human Rights Commission filed this case against one defendant, Mr. Homer Durkee, a natural person, alleging numerous counts of discrimination and harassment by him (and no one else) against Ms. Susan Demar while he was Ms. Demar's residential landlord. Mr. Durkee died shortly after the complaint was filed in April 2023.

The record reveals the following. Following Mr. Durkee's death, no estate ever has been opened for him. No suggestion of death was filed with the Court until February 26, 2025. The allegations are that the rental property where the discrimination occurred was owned jointly by Mr. Durkee and his wife. Following Mr. Durkee's death, his wife executed an enhanced life estate deed (ELED), naming four other third parties as beneficiaries to receive title to the rental property upon Wife's death. 27 V.S.A. § 651–660 (ELEDs). Ms. Durkee, who is not and never was a named Defendant in this case then died. No estate was opened. The four beneficiaries of the ELED now presumably have title to the rental property.

The HRC then filed the instant motion to substitute, and a motion to strike Mr. Durkee's counsel's appearance. With the motion to substitute, the HRC proposes to bring in as defendants, by way of substitution, not a decedent's estate, but the four beneficiaries of the ELED. It suggests that, upon doing so, it will then seek to amend the complaint to, in some way, sue them for a fraudulent transfer, presumably related to the ELED in some way. Ms. Demar no longer lives in the rental property, and it has never been attached in this case.

More to the point, when Mr. Durkee died, he stopped being a legal person capable of being sued. *See Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (2003) ("As defendant points out a party must have a legal existence as a prerequisite to having the capacity to sue or be sued."). Rule 25(a) provides that: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." The proper party when a natural person dies typically is that person's estate, assuming the claim survives death. The purpose of such a substitution is to bring in a legal person so that the action against the now-dead person can continue.

This is not what the HRC is proposing, however. It apparently proposes to use Rule 25(a), not to continue the litigation against an appropriate successor to the now-dead defendant. Instead, it proposes to bring in four unrelated third parties and purportedly to assert completely different claims against them. The HRC cites no authority that would permit such use of Rule 25, and the Court is aware of none.

There no longer is any proper defendant in this case, and the HRC cannot by substitution convert this case into a completely different action against the four beneficiaries of an ELED from a non-defendant.

Accordingly, the motion to substitute is denied. Within 30 days, the HRC shall take action it may deem appropriate under the Rules or otherwise to maintain the present action at this juncture, or on the 31st day, it will be dismissed without prejudice.

The purpose of the HRC's motion to strike the appearance of counsel for Mr. Durkee is unclear. The only thing counsel has done in that capacity since Mr. Durkee's death is to file the suggestion of death. Counsel has no client in this action at this point. While the Court sees no need to strike his historical appearance, it also relieves Plaintiff and the Court from any ongoing need of serving Attorney Kaplan in his capacity as decedent's counsel going forward.

As there is no proper Defendant in this case, all other remaining motions in this action are denied without prejudice pending action by Plaintiff in accordance with this Order and any Court determination that this case is proceeding against a proper party.

So ordered.

Electronically signed on Tuesday, April 15, 2025, per V.R.E.F. 9(d).


Timothy B. Tomasi
Superior Court Judge